LAWLESS *against* HACKETT.

*Slosson*, in behalf of *David R. Lambert*, a judgment creditor of the defendant, moved to set aside the judgment entered up in this cause, and the execution which had been issued thereon. It appeared, that the judgment had been entered up on the 4th of *May*, 1819, by virtue of a warrant of attorney, to confess judgment on a bond dated the 20th of *April* last, conditioned to pay 1,703 dollars, 93 cents ; and that the *specification of the nature and conside-* to apprise all persons interested of the nature and consideration of the debt : it ought to be as precise, at least, as a bill of particulars ; a statement as general as the commom counts in a declaration is not sufficient. If the debt be for goods sold and delivered, the kind, quantity, price of the goods, and time of sale, should be stated.

> The *specification* of the nature and consideration of the debt, required by the act (sess. 41. ch. 259. s. 8.) to be filed with the record on entering up a judgment by virtue of a warrant of attorney, should be so precise and particular as

NEW-YORK, *ration* of the debt on which the judgment was entered,
May, 1819. filed, according to the direction of the act passed. 21st of
LAWLESS *April*, 1818, (sess. 41. ch. 269. sec. 8.) stated, that " the bond
v
Hackett. was given for divers goods, wares, and merchandizes there-
tofore sold, and delivered by the plaintiff to the defendant;
and also, for money lent and advanced by the plaintiff to
the defendant at various times, the money lent being to the
amount of 400 dollars, and the residue in goods sold and de-
livered as above mentioned."

*Slosson* contended, that the specification was too gene-
ral, and did not conform to the plain intent and meaning
of the statute ; as it did not state the kind, or quantity of
goods sold and delivered, nor the time of the sale and de-
livery thereof; nor what particular sums of money were
lent, nor the dates of such loans.

*Anthon,* contra.

*Per Curiam.* The object of the act was to prevent
abuse and fraud in the entry of judgments by confession
on warrants of attorney. The specification ought to be so
particular and precise as to apprise all persons interested of
the *nature and consideration* of the debt. A statement as
general as the common counts in a declaration is not suffi-
cient. It ought to be as special and precise, at least, as a
bill of particulars. If, for example, the consideration was
for goods sold, the specification ought to state the kind,
quantity, and price of the goods, and the time of sale, as in
a bill of parcels. If the consideration was for a horse, or
cattle sold, it should be so mentioned, and the price, as well
as the time of sale. We think the specification in this
case was too general, and the judgment and execution must,
therefore, be set aside.

*Anthon* then asked leave to amend the specification on
file.

*Slosson.* There has been no notice of any motion to
amend. Besides, there may be other judgment creditors.

*Per Curiam.* We frequently grant leave to amend, though there has been no regular notice of an application for the purpose. We think the specification may be amended in this case; but so as not to interfere with the rights of any other judgment creditors, which may have, in the mean time, attached.