Gardiner, C. J.
The single question in this case is, whether the statement made under the 383d section of the Code, authorizing the entry of the judgment sought to be impeached, is a substantial compliance with the second subdivision of that section. The supreme court determined that it was not, and set aside the judgment, on the application of a creditor by judgment subsequently obtained *217 against the same debtor. The statement contained in the record, so far as it hag reference to the question before us, is as follows: “ This confession is for a debt justly due to the said plaintiff, arising upon the following facts, viz: A promissory note, payable to the said plaintiff or bearer, for the sum of eight hundred and twenty-five dollars, dated April -16, 1840, and payable one day from date, with use; and a promissory note, payable to the said plaintiff or bearer, for the sum of seventy-five dollars, dated May 16th, 1849, and due—the said sum of ten hundred and eighty-eight dollars being the amount of said notes, principal and interest, up to this date, and is justly due to the said plaintiff from the said defendant.” The second subdivision of § 383 is as follows: “ If it (that is, the amount for which the judgment is authorized) be for money due or to become due, it (the statement) must state concisely the facts out of which it (the debt) arose, and must show that the sum confessed therefor is justly due or to become due.” The phraseology is obscure . and awkward; but, taken in connection with the first subdivision, the word “it,” as it first occurs in the second subdivision, probably refers to the amount or sum for which the judgment may be confessed, and not to the judgment itself; although it must be admitted that the clause can be read either way without violence to the language. The construction I have suggested was obviously the one adopted in the confession of the judgment in question; for the statement there is, that “the confession was for a debt justly due, and arising on the following facts.” Assuming, then, that the statement “ must set forth concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due,” was the condition fulfilled in this instance? Our conclusion upon this subject, I apprehend, will depend upon the purpose which we attribute to the legislature - in enacting these provisions regulating the confessions of judgments. If that object was to improve the condition of other credi *218 tors, by compelling the*parties to spread upon the record a more particular and specific statement of the facts out of which the indebtedness arose, thus enabling them, by a comparison of that statement with the known circumstances and relations of the debtor, to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the former system, then the statement in this case is clearly insufficient. It does not advance one step towards the accomplishment of such a purpose, or give the creditors a single advantage which they did not formerly possess. Prior to the Code, the usual mode of obtaining judgment on confession was by bond and warrant of attorney. The bond was counted upon in the record, and the judgment was upon that, as the ground of indebtedness. Superadd to these formalities the oath required by the first subdivision of this section, and we have this case precisely. But the Code demands something beside an oath to the justice of the debt; it requires what to a dishonest debtor is far more difficult and embarrassing—a statement of the facts out of which it arose. He could swear, perhaps, that he was justly indebted, because the bond, if executed for a fraudulent purpose, was, as between him and the obligee, conclusive notwithstanding. The same would be true of a note. A promissory note is no higher evidence of indebtedness than the bond under the old practice. Either may be supported by any and every possible consideration; and the one affords as much evidence of the true one as the other. There is no legal certainty that either was made when the date would indicate; and both, with equal facility, may be made instruments of fraud by dishonest parties. The creditors, however, are entitled “ to the facts out of which the indebtedness arose.” The judgment debtor has simply stated a note. This at best, even between the parties to the instrument, is but presumptive evidence of a debt. The maker did not become indebted by the mere execution' *219 of a written promise to pay money. His obligation arose out of facts dehors the instrument, and antecedent to or accompanying its execution. A promissory note, without consideration, binds no one. In this case we are informed, by the affidavits read in opposition to the motion, that there was a loan of money. The loan, if the fact is so, created the obligation ; and the note was given as presumptive evidence of the debt, and as a means of enforcing its payment. The statute, however, looks not to evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise. The law requires this to be concisely set forth in the statement which is to form a part of the record; and in this way, only, does the provision furnish any additional security to creditors against a fraudulent combination of the parties to the judgment. We know that the purpose of those who framed the Code was such as has been suggested, for they so affirm in their report; and the presumption is, that the legislature concurred in their views, when they adopted the section as it came from their hands. But what is of more consequence than either, the statute demands this construction to save it from the imputation of making a capricious change in the existing law without any reason or object whatever; for if the provision under consideration can be satisfied by a reference to an instrument, which is but evidence of a debt, it is not only nugatory but absurd, inasmuch as the judgment itself, without any statement, would furnish conclusive evidence of the same fact.
Under the act of 1818, which required the nature and consideration of the debt to be set forth, it was held that a statement, showing a cause of action under the common count for goods sold, was not sufficient. The reasoning of the court in that case, as to the object and effect of that law, is applicable to this one in question. (Lawless v. Hackett, 16 Johns., 149.) I have not referred to the decisions in the supreme court upon this section because they are *220 conflicting. In the 6th and 7th districts, they are in conformity to the opinion 1 have expressed; in the 4th and 5th, we have the opinions of Justices Cady and Allen the other way; and in the 7th, the judges. are divided. For the reasons suggested, I think the order made by the supreme court right, and that it should be affirmed.
Dean, J. There are two questions which seem to me to arise in this case :
1. Is this confession of judgment in its statement of facts a compliance with the requirements of the Code ?
2. If it be not, can a subsequent judgment creditor take advantage of the omission and set aside the judgment by motion, or must he resort to his action ?
Chap. III, section 382 of the Code,, authorizes a judgment by confession to be entered in the manner prescribed by 'that chapter. This necessarily excludes the right to do it in any other manner. Section 383 prescribes the contents of the statement on which the judgment may be entered,"viz., it must be in writing, signed by the defendant and verified by Ms oath, to the following effect: 1. This written statement must state the amount for which judgment may be entered, and authorize the entry of judgment for that amount. 2. If the judgment to be confessed be for money due or to become due, the statement must state concisely the facts out of which the debt arose, and must show that the sum for which the judgment is confessed is justly due or to become due. 3. If the confession of judgment be for the purpose of securing the plaintiff against a contingent liability, the statement must concisely state the facts constituting the liability, and must show that the sum confessed therefor does not exceed the same.
I have here given an almost literal transcript of the section 'of the Code, substituting, to avoid confusion, the various nouns for which the pronoun “it” is employed in the places where it is used.
*221 The portion of the section which must be construed to determine whether the judgment in this case is authorized by law, is the second subdivision, which requires that the written statement shall “ state concisely the facts out of which the debt arose.” By a reference to the statement in this case, it will be found to be that the debt arose out of two promissory notes, without any allegation even that the defendant is the maker or the plaintiff the holder, except the inference that may be drawn from the statement that a certain amount is due on the notes from the defendant to the plaintiff. But does any one know from this out of what the debt arose ? Were the notes given for work and labor, for goods, wares and merchandise, for money loaned, or were they made by the defendant and given to the plaintiff without any consideration ? No one can determine, from anything contained in this statement of facts, for what the notes were given; nor could the defendant be convicted of perjury, if he had made the notes and as a voluntary gift handed them to the plaintiff and then made this statement. The legislature, when it adopted this section requiring a sworn statement of the facts out of which the debt arose, surely did not intend to adopt language which could be so easily evaded as to permit a statement, which conveys no information to a person reading it, to be the foundation of a judgment by confession. On the contrary, the intention of this requirement was to compel the person confessing a judgment to disclose under oath, which oath was to become a part of the public records, what was the real consideration of the judgment confessed, and to show to all interested the transaction out' of which the debt originated. This is the only conclusion I can draw from the language employed, and seems to me to be its fair and legitimate interpretation. I do not therefore deem it necessary to quote the report of the commissioners of the Code to show what they intended by presenting this section. But even if the language of this section is ambiguous, it is the duty *222 of the courts so to construe it as to remedy rather than perpetuate an evil, to accomplish rather than frustrate the end for "which it was adopted. I am of opinion therefore that the language and obvious intent of the statute, as well as public policy, require us to hold this judgment void.
It remains only to determine whether the respondents, as subsequent judgment creditors, can take advantage of the omission, and by motion have the judgment set aside as to their judgment. Keeping in view the intent of the statute, to prevent fraudulent practices by debtors to shield -their property, by creating fictitious liens upon it by means of judgments confessed to confidential friends, it is clear that the more summarily the fraud can be reached by an adverse claimant the less will be the temptation to resort to this as a means of fraud. The court has control over its own judgments, and' may on motion, for cause shown, amend or set them aside. Ordinarily, when a debtor attempts by a fraudulent disposition of his property to avoid having it applied to the payment of his debts, it is necessity by some process to bring him or it into court; but where, as in this case, there is a judgment which the law; deems fraudulent in the way of a valid judgment, I see no objection to allow the party interested in enforcing the subsequent judgment to come in and by motion ask to remove the obstacle in his way. In the case before us, the plaintiff sought to use the judgment and process of the court to prevent the respondents from collecting their judgment, and I think the supreme court rightfully exercised an admitted power in setting aside the judgment by confession. Had the plaintiff In the judgment by confession shown by satisfactory evidence that the debt for which this judgment had been entered up was really due him and originated out of a bona fide transaction, that the form of the confession was defective on account of a misapprehension of the practice and the requirements of the statute, it might have been proper for the supreme court in the exercise of its discretion *223 to have permited an- amendment thus preserving its lien and priority. But that question does not arise in this court. The order of the supreme court vacating the judgment should, he affirmed with costs.
All the judges, except Hand, J., concurred.
Judgment accordingly.