## GANDALL v. FINN.

December, 1863.

Reversing 23 *Barb.* 652.

In the statement of facts in a confession of judgment under section 383 of the Code of Procedure, it is enough that the nature and consideration of the debt confessed, the time in which it accrued, and that it is due and unpaid, are concisely stated. The character and dates of particular items need not be given.[*]

James R. Gandall, a judgment creditor of Charles Finn, by judgment recovered in the supreme court, applied to the court, on affidavits, to set aside several judgments which defendant had confessed to other creditors, the levies on which were obstacles to his execution. The only ground on which the decision turned was the sufficiency of the statements of the ground of indebtedness in the confession in favor of Thomas W. Lockwood. The statement (after the usual consent to the entry of judgment), was as follows:

"The above indebtedness arose on an account of goods, wares and merchandise, sold and delivered by said plaintiff to me, since January 1, 1855, and for which I have not paid; and I hereby state that the sum above by me confessed is justly due to the said plaintiff without any fraud whatever."

*The supreme court* held that this statement, and another

---

[*] See Acker v. Acker, Clements v. Gerow, and Ely v. Cook, all reported in this series; Read v. French, 28 *N. Y.* 285; Frost v. Koon. 30 *Id.* 428; Ingram v. Robbins, 33 *Id.* 409; Union Bank v. Bush, 36 *Id.* 631.

Gandall *v.* Finn.

which was still more general, were insufficient, and granted the motion. Reported in 23 *Barb.* 653. Lockwood alone appealed, and the order having been affirmed, as to him, at general term, he appealed to this court.

*Mr. Beach,* for appellant.

*Mr. Northrup,* for respondent.

BY THE COURT.—WRIGHT, J.—There is but a single question involved in the appeal, viz: as to the sufficiency of the statement in the confession of judgment in favor of the appellant, Lockwood. The Code provides that the statement, if the debt be for money due or to become due, "must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due or to become due." *Code of Pro.* § 383. It is urged, that in the Lockwood judgment, the statement does not set forth the facts out of which the indebtedness arose, nor show the sum confessed to be justly due, within the meaning of the statute; and this appears to have been the judgment of both the lower courts.

I am not able to see such a non-conformity with the requirements of the statute, as to demand that the judgment should be set aside, at the instance of another judgment creditor. Unless we are prepared to hold that the statement, under the Code, is required to be as special and precise as that under the act of 1818 (*L.* 1818, c. 259, § 6), the one questioned in the present case, is good. But as was said by SELDEN, J., in Dunham *v.* Waterman, 17 *N. Y.* 9, "there is a wide difference in phraseology between the act of 1818 and the section of the Code in question. The former required a 'particular' statement and specification of 'the nature and consideration' of the debt or demand; and when the demand arose upon a note, bond or other specialty, the 'origin and consideration' of the same was required to be 'particularly set forth;' while the Code in terms simply requires a statement 'of the facts out of which the indebtedness arose.'" In Lawless *v.* Hackett, 16 *Johns.* 149, a case which arose under the act of 1818, the supreme court said, "a statement as general as the common counts in a declaration

is not sufficient. It ought to be as special and precise as a bill of particulars." Neither, however, in Dunham v. Waterman, or in any other subsequent case, has this court gone the length of holding that the Code requires the precision of a bill of particulars. It is enough that the nature and consideration of the debt confessed, the time in which it accrued, and that it is due and unpaid, are "concisely" stated. Lanning v. Carpenter, 20 N. Y. 447; Freligh v. Brink, 22 Id. 418; Neusbaum v. Keim, 24 Id. 325; Hopkins v. Nelson, 24 Id. 518. In the present case, the nature of the debt, the amount thereof, within what time it accrued, and that it is unpaid, are stated. The transaction set forth is a sale and delivery by Lockwood to Finn, of goods, wares and merchandise, between January and December, 1855, of the value of one thousand seven hundred and two dollars and eighty-seven cents, which Finn has not paid for. It is true, the kind of merchandise is not specified, nor at what particular time, between January and December, the sale and delivery was made, if sold and delivered in parcels; but the statement was not defective for this reason, unless the law as it now is, requires all the minuteness of a bill of particulars. It clearly does not require the statement to contain a minute description of the goods sold, or of the time and place, and terms of sale of each particular parcel.

But it is said that merely stating the facts out of which the indebtedness arose is not sufficient; the facts must show that the sum confessed is justly due, and that no fact is stated from which the court can say that the amount of the judgment is justly due. In Lanning v. Carpenter, 20 N. Y. 447, the confession (unlike the present one) did not state in terms that the sum for which the judgment was authorized to be entered was justly due; and the point then taken was that the statute required it to be stated in terms; but the court thought otherwise, and that the sum due must appear from the statement. "The particular facts," says Judge COMSTOCK, "must be set forth in such a manner as to show not only a just debt, but the amount thereof." That being done, an additional averment, in general terms, of the justice of the debt, and the amount thereof, is not required. It is true that, although the facts stated may show, with all the requisite certainty and detail, the

Gandall *v.* Finn.

creation of a debt, yet it may have been paid. So, also, it may have been released or discharged by bankruptcy, insolvency, or in some other manner. But it is not required to negative all the conceivable possibilities of the case. The confession now in question contained an averment, in general terms, that the debt confessed was justly due; but it went further. The statement also showed it. The facts stated not only showed the creation of the debt, but negatived the possibility of its having been paid. After showing, with requisite certainty, the creation of the debt and the amount thereof, it is averred distinctly that the debt is unpaid.

I am of the opinion, therefore, that the order, so far as it affects the judgment of the appellant Lockwood, should be reversed. It would be difficult, I think, to distinguish between the minuteness necessary in a bill of particulars, and the " concise statement " which the learned judge at special term supposed would now only satisfy the requirements of the law. In Freligh *v.* Brink, 22 *N. Y.* 418, the confession was held good when it described the note, and added, ' that amount of money being had by the defendant of the plaintiff." So, also, in Neusbaum *v.* Keim, 24 *N. Y.* 325, a statement was held sufficient which stated that the plaintiff had sold and delivered large quantities of meat to the defendant at various times during the years 1854 and 1855 and that there was justly due him upon such sales a balance of two thousand one hundred and fourteen dollars. In neither of these cases, were the facts set forth with more certainty and detail to show a just debt and the amount thereof, than in the present one.

The order of the supreme court, so far as it affects the Lockwood judgment and execution, should be reversed with costs of this appeal, and his execution declared entitled to be paid out of the proceeds of sales made upon the executions, in preference to that of the respondent Gandall.

A majority of the judges concurred.

Order setting aside Lockwood's judgment and execution reversed, with costs.