JAMES R. GANDALL *v.* CHARLES FINN.

THOMAS W. LOCKWOOD *v.* CHARLES FINN.

TIMOTHY MANN, SAMUEL KENDRICK, 2d, and JOHN P. MANN *v.* CHARLES FINN.

Under section 383 of the Code of Procedure it is enough that the nature and consideration of the debt confessed, the time in which it occurred, and that it is due and unpaid be concisely stated.

It is unnecessary that the statement should be as precise and particular as a bill of particulars.

The requirements of the Code in this particular are not to be measured by the requirements of the act of 1818. (Laws 1818, ch. 259, § 6.)

APPEAL from an order setting aside the judgment in the second above entitled action.

The facts were these: On the 11th June, 1855, James R. Gandall, the plaintiff, in the first above entitled action, recovered a judgment in the Supreme Court, by confession against the defendant, Charles Finn, for $1,506.50; which was on that day docketed in the office of the clerk of the county of Washington.

On the 14th December, 1855, Thomas W. Lockwood, the plaintiff in the second above entitled action, recovered against Finn a judgment in the Supreme Court, by confession, for $1,709.74; which was docketed on that day in the office of the clerk of Washington county.

On the 14th December, 1855, Mann, Kendrick & Mann, the plaintiffs in the third above entitled action, recovered a judgment against Finn in the Supreme Court, by confession, for $270.59; which was docketed the same day in the Washington county clerk's office. Executions on both of the last mentioned judgments were, on the 14th December, 1855, issued to the sheriff of Washington county, and levy made on Finn's store of goods on that day; and the following day an execution was issued on the Gandall judgment.

On the 17th April, 1856, Gandall commenced an action in the Supreme Court by summons and complaint, and on the

28

Statement of case.

19th May, 1856, recovered a judgment against him for $1,625; which was duly docketed on that day.

At a Special Term, in September, 1856, Gandall moved to set aside the judgment in favor of Lockwood, and also the judgment in favor of Mann & Co., on the ground that the confessions of judgment do not state the facts out of which the indebtedness, for which said judgments were entered, arose.

An order was made at Special Term setting aside both judgments, and the executions issued therein, as against Gandall's judgment and execution, and directing the sheriff of Washington county, to first pay, from the proceeds of the sales under the executions, the Gandall execution, issued on his judgment of January, 1855.

From this order Lockwood appealed to the General Term of the Supreme Court, where the same was affirmed. Mann, Kendrick & Mann did not appeal.

Lockwood then appealed to this court. The confession in the Lockwood judgment is as follows:

## SUPREME COURT.

THOMAS W. LOCKWOOD *v.* CHARLES FINN.

I, Charles Finn, defendant, hereby confess myself indebted to Thomas W. Lockwood, plaintiff, in the sum of seventeen hundred and two dollars and eighty-seven cents, and hereby authorize him, or his executors, administrators, attorney or assigns to enter a judgment against me for that amount.

The above indebtedness arose on an account of goods, wares and merchandise, sold and delivered by said plaintiff to me, since the first day of January, 1855, and for which I have not paid.

And I hereby state that the sum above by me confessed is justly due to the said plaintiff without any fraud whatever.

                        CHARLES FINN.

Dated the 14th December, 1855.

*W. A. Beach,* for the appellant, Lockwood.

*Hughes & Northrup,* for the respondent, Gandall.

WRIGHT, J.   There is but a single question involved in the appeal, viz.: as to the sufficiency of the statement in the confession of judgment in favor of the appellant, Lockwood. The Code provides that the statement, if the debt be for money due or to become due, must set forth " concisely the facts out of which it arose, and must show that the sum confessed therefor is justly past due or to become . due." (Code, § 383.)   It is urged, that in the Lockwood judgment, the statement does not set forth the facts out of which the indebtedness arose, nor show the sum confessed to be justly due, within the meaning of the statute; and this appears to have been the judgment of both the lower courts.

I am not able to see such a non-conformity with the requirements of the statute, as to demand that the judgment should be set aside, at the instance of another judgment creditor.   Unless we are prepared to hold that the statement, under the Code, is required to be as special and precise, as that under the act of 1818, (Laws of 1818, ch. 259, § 6), the one questioned in the present case, is good.   But as was said by SELDEN, J. in *Dunham* v. *Waterman.* (17 N. Y., 9), " there is a wide difference in phraseology between the act of 1818 and the section of the Code in question.   The former required a ' particular ' statement and specification of ' the nature and consideration ' of the debt or demand; and when the demand arose upon a note, bond or other specialty, the ' origin and consideration ' of the same was required to be ' particularly set forth;' while the Code in terms simply requires a statement ' of the facts out of which the indebtedness arose.' "   In *Lawless* v. *Hackett* (16 Johns., 149), a case which arose under the act of 1818, the Supreme Court said, " a statement as general as the common counts in a declaration is not sufficient.   It ought to be as special and precise as a bill of particulars."   Neither, however, in *Dunham* v. *Waterman,* or in any other subsequent case, has this court gone the length of holding that the Code requires the precision of a bill of particulars.   It is enough that the nature and consideration of the debt confessed, the time in which it accrued, and that it is due and unpaid, is

"concisely" stated. (*Laning* v. *Carpenter*, 20 N. Y., 447; *Freligh* v. *Brink*, 22 id., 418; *Neusbaum* v. *Kenn*, 24 N. Y., 325; *Hopkins* v. *Nelson*, 24 id., 518.) In the present case, the nature of the debt, the amount thereof, within what time it accrued, and that it is unpaid, is stated. The transaction set forth is a sale and delivery by Lockwood to Finn, of goods, wares and merchandise, between January and December, 1855, of the value of $1,702.87, which Finn has not paid for. It is true, the kind of merchandise is not specified, nor at what particular time, between January and December, the sale and delivery was made, if sold and delivered in parcels; but the statement was not defective for this reason, unless the law as it now is, requires all the minuteness of a bill of particulars. It clearly does not require the statement to contain a minute description of the goods sold, or of the time and place, and terms of sale of each particular parcel.

But it is said that merely stating the facts out of which the indebtedness arose is not sufficient; the facts must show that the sum confessed is justly due, and that no fact is stated from which the court can say that the amount of the judgment is justly due. In *Laning* v. *Carpenter* (20 N. Y., 447), the confession (unlike the present one) did not state in terms that the sum for which the judgment was authorized to be entered was justly due; and the point then taken was that the statute required it to be stated in terms; but the court thought otherwise, and that the sum due must appear from the statement. "The particular facts," says Judge Comstock, "must be set forth in such a manner as to show not only a just debt, but the amount thereof." That being done, an additional averment, in general terms, of the justice of the debt and the amount thereof, is not required. It is true that, although the facts stated may show, with all the requisite certainty and detail, the creation of a debt, yet it may have been paid. So, also, it may have been released or discharged by bankruptcy, insolvency, or in some other manner. But it is not required to negative all the conceivable possibilities of the case. The confession now in ques-

tion contained an averment, in general terms, that the debt confessed was justly due; but it went further. The statement also showed it. The facts stated not only showed the creation of the debt, but negatived the possibility of its having been paid. After showing, with requisite certainty, the creation of the debt and the amount thereof, it is averred distinctly that the debt is unpaid.

I am of the opinion therefore, that the order, so far as it affects the judgment of the appellant Lockwood, should be reversed. It would be difficult, I think, to distinguish between the minuteness necessary in a bill of particulars, and the "concise statement" which the learned judge at Special Term supposed would now only satisfy the requirements of the law. In *Freligh* v. *Brink* (22 N. Y., 418), the confession was held good when it described the note, and added "that amount of money being had by the defendant of the plaintiff." So also in *Neusbaum* v. *Kenn* (24 N. Y., 325), a statement was held sufficient which stated that the plaintiff had sold and delivered large quantities of meat to the defendant at various times during the years 1854 and 1855, and that there was justly due him upon such sales a balance of $2,114. In neither of these cases, were the facts set forth with more certainty and detail to show a just debt and the amount thereof, than in the present one.

The order of the Supreme Court so far as it affects Lockwood's judgment and execution, should be reversed with costs of this appeal, and his execution declared entitled to be paid out of the proceeds of sales made upon the executions, in preference to that of the respondent Gandall.

Judgment affirmed.