TRUMAN SYMSON, RESPONDENT, *v.* HANNIBAL S. SILHEIMER AND DWIGHT S. BECKWITH, APPELLANTS.

*Judgment by confession — power of the court to amend a defective statement — when it should be without prejudice to the priority of subsequent incumbrances.*

On January 7, 1885, a judgment was entered by confession in favor of the plaintiff against the defendants. Prior thereto and on December 15, 1884, the defendants had made a general assignment for the benefit of creditors, which conveyed, among other property, several parcels of land then owned by the assignors. On October 5, 1885, the plaintiff moved for leave to amend the statement upon which the judgment had been entered, so as to make the same comply with the terms of the statute. After the entry and docket of the plaintiff's judgment other judgments were recovered against the assignors, upon which executions were issued and returned unsatisfied. Thereafter a receiver, appointed in supplementary proceedings instituted upon such judgments, brought an action to set aside the assignment as fraudulent, and on August 4, 1885, procured a judgment to that effect. The court below granted the motion to amend the statement with leave to file the amended statement *nunc pro tunc.*

*Held,* that while the court had power to allow an amendment of the statement to be made *nunc pro tunc,* and thus preserve a priority of lien over subsequent incumbrances, yet it erred in exercising it in this case, and that the order should be so amended as to defer the lien of the plaintiff's judgment to that of the other judgment creditors as to all real estate embraced in the assignment.

APPEAL from an order of the Monroe Special Term granting the plaintiff leave to amend his statement of a confession of judgment.

On the 15th day of December, 1884, the defendants in this action made a general assignment of all their property, both real and personal, to Hiram Jerome, in trust for the benefit of their creditors. Subsequently and on the 7th of January, 1885, the defendants confessed a judgment to the plaintiff, and judgment was on that day entered in the sum of $3,449.52. Subsequently thereto, and on the 24th day of January, 1885, Stephen Croak recovered a judgment against the defendants by default, after a personal service of process, for the sum of $2,113.65.

Subsequent to the last mentioned judgment several other parties recovered judgments against the defendants, all of the said judgments being docketed in the Orleans county clerk's office, in which county the real estate embraced in the assignment is situated. Execution on Croak's judgment was issued against the property of the defendants, and was returned unsatisfied and proceedings supple-

mental to execution were instituted against the said judgment debtors,. and on the 13th day of February, 1885, the plaintiff in this action was appointed receiver of all the property and effects of the said defendants. On the other judgments executions against the property of the defendant were issued and returned unsatisfied, and the receivership was extended in each of those actions over the debtors' property. Thereupon the receiver commenced an action against the assignee and the judgment debtors and others, including Symson and the plaintiffs in each of the above mentioned judgments, for the purpose of setting aside the assignment as void as against the judgment creditors. Symson was personally served with process in that action, but did not answer. On the 4th day of August, 1885, a final decree was entered in the judgment creditors' suit, setting aside the assignment as fraudulent and void, requiring the assignee to transfer to the receiver all the property, and directing the order in which the several judgment creditors should be paid out of the funds. At the time of the assignment the judgment debtors were the owners of several parcels of land, which were embraced in the assignment and conveyed to their assignee. The statement upon which the judgment was entered in favor of Symson was defective, because it omitted to state the facts out of which the indebtedness arose. After the entry of final judgment in the judgment creditors' suit, and on the 5th day of October, 1885, Symson made a motion for leave to amend the statement, so as to comply with the requirements of the statute, serving notice upon the subsequent judgment creditors who appeared and opposed the motion, and the same was granted, with leave to file the amended statement *nunc pro tunc*, and from that order the judgment creditors opposing the motion appeal.

*John H. White, Thompson* and *Spencer, Sawyer* and *Bullard, John Cunneen,* for the appellants.

*Stull, Foote & Taylor,* for the respondent.

BARKER, J. :

It was established upon the hearing that the plaintiff had a just and valid debt against the defendants for the amount of the judgment, and that the omission to prepare the statement in compliance

with the requirements of section 1274 of the Code of Civil Procedure, arose from the mistake and inadvertance of his attorney. The appellants made no claim that either party to that judgment was guilty of an intentional fraud in entering up the judgment.

The court had jurisdiction over the subject-matter and also the unquestioned power to authorize the amendment. (*Mitchell* v. *Van Buren*, 27 N. Y., 300; *Ingram* v. *Robins*, 33 id., 409; *Union Bank* v. *Bush*, 36 id., 631.) Such motions are frequent in practice and are addressed to the equitable power of the court, and the terms, if any are imposed as a condition of granting relief, by allowing the statement to be amended, are to be determined by the facts and circumstances as they are made to appear in each instance. In a proper case the validity of the judgment and its priority as a lien upon real estate, may be preserved as against subsequent incumbrances. It is, however, the more common practice to allow the amendment to be made without prejudice to the rights of intervening judgment creditors. (Wait's Pr., vol. 3, p. 691.) The earliest reported case allowing a defective statement in a confession of judgment to be amended so as to comply with the requirements of a statute is *Lawless* v. *Hackett* (16 Johns., 149), where the judgment was deferred to the then existing liens upon the debtor's real estate. Tha rule of that case has been applied in subsequent ones arising under existing statutes authorizing the entry of judgments by confession on the written and verified statement of the debtor. (*Dunham* v. *Waterman*, 17 N. Y., 9; *McKee* v. *Tyson*, 10 Abb., 392; *Johnston* v. *Fellerman*, 13 How., 21.)

The case of *Lawless* v. *Hackett* (*supra*), arose under the act of 1818, which declared in terms, that if a confession was not in compliance with the provisions of the act, the judgment should be " decreed and adjudged fraudulent." The sections of the Code on the subject do not declare the effect of an omission to comply with the provision that the statement " must state concisely the facts out of which the debt arose." It was, however, held in *Dunham* v. *Waterman*, that the provisions of the present statute had the same meaning and effect as to subsequent judgment creditors, and as to them the judgment was deemed fraudulent and void. The head note in which the law of the case is correctly stated is, viz. : " A judgment confessed under sections 282 and 283 of the Code for

a just debt, is to be deemed fraudulent and void as to other judgment creditors of the debtor, when the statement upon which it is entered contains no further specification of the facts out of which the indebtedness arose, than that it was upon a promissory note (the date, amount and time of payment of which are described), given on a settlement of accounts on a specified day between the debtor and the plaintiff in such judgment." There the question arose in an action brought by subsequent judgment creditors to set aside the confession of the judgment upon the ground that there was a failure to comply with the provisions of the statute.

We are cited by the respondent's counsel to the case of *Ingram* v. *Robins* (33 N. Y., 409), as an authority in support of his argument, that it is the duty of the court to preserve the priority of the plaintiff's judgment and lien over the subsequent judgments in all cases where there is no intention to cheat and defraud. A careful examination of the case will disclose that the question of preserving the priority of lien was not considered by the court. The Supreme Court had declined to set aside a judgment on the motion of subsequent judgment creditors, on the ground that the verification was defective, and on appeal to the Court of Appeals that court held that the verification was defective, but as the plaintiff in the prior judgment had shown that he had a just and valid debt, the Supreme Court should have given him permission to amend the statement so as to comply with the requirements of the statute, and on his failure to do so the judgment should be set aside. The question of priority of liens was not presented for consideration.

Nor does the case of the *Union Bank* v. *Bush* (36 N. Y., 631) attempt to establish any rule by which it is to be determined in any particular case, the terms upon which an amendment of the statement, as to the nature and character of the indebtedness, should be allowed. On the question now before us it is an authority that the court possesses the power to order the amendments, but it does not consider the question as the terms upon which the same should be granted.

We are of the opinion that the court may allow an amendment of the statement to be made *nunc pro tunc*, and thus preserve a priority of lien over subsequent incumbrances, or it may impose as a condition of allowing the amendment that the lien of the

judgment shall be subordinate to outstanding incumbrances. The facts and circumstances of each case, as they arise, should be considered in determining the terms and conditions upon which the amendment may be allowed. In view of the facts and circumstances of this case, we are of the opinion that the equities are with the subsequent judgment creditors, as by their action to set aside the assignment the real estate of the judgment debtors has become subject to the liens of their judgments, which would not have existed if the assignment had been permitted to stand. The plaintiff never questioned the validity of the assignment and acquiesced in the disposition of the property made by them. It is the general rule in courts of equity to reward the diligent creditor by giving him a preference in payment out of the debtor's property. As to the personal property this was secured to the vigilant creditors by the judgment of the court declaring the assignment void.

By the force and operation of that judgment, all the valid judgments entered up against the judgment debtors became a lien upon the real estate embraced within the assignment in the order of their docketing. (*Chautauque Co. Bank* v. *Risley*, 19 N. Y., 369; *White's Bank of Buffalo* v. *Farthing*, Ct. of App. Dec., reported in 4 Eastern Rep., 59.)

As bearing upon the question in dispute, the provisions of the assignment may be referred to, and by it the payment of the plaintiff's debt was deferred until after the payment of a large portion of the debts in favor of the parties resisting the plaintiff's application to amend the statement. It will be most in accord with the current of authorities, as well as in conformity with the rule of equity, to reward the diligent creditor by amending the order appealed from so as to defer the plaintiff's judgment, as a lien, to that of the existing judgment creditors, as to all real estate of the judgment debtors embraced in the assignment.

No costs of this appeal allowed to either party. .

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Order modified so as to defer the plaintiff's lien to that of the existing judgment creditors, as to all the real estate of the judgment debtors embraced in the assignment, without costs of this appeal to either party.