THE FLOUR CITY NATIONAL BANK OF ROCHESTER, RESPONDENT, *v.* JOHN C. DOTY AND SUSAN F. DOTY, APPELLANTS.

*Judgment by confession — when invalid because of a failure to state in detail the facts and circumstances out of which the indebtedness arose — Code of Civil Procedure, sec. 1274.*

In this action, brought by a judgment creditor to set aside as fraudulent a judgment confessed by the defendant John C. Doty, in favor of his wife, it appeared that the statement upon which the judgment was entered, alleged in relation to the indebtedness that the debt for which the judgment was confessed arose upon three several promissory notes in writing, which were then described, the dates, amounts and times of payment being set forth. It was then stated "that all of said notes are past due, and the sum of $5,713.77 is now due and owing to the plaintiff from me upon said notes this day; that the three several notes above stated, and upon which this judgment is confessed, was given by the defendant John C. Doty to the plaintiff Susan F. Doty at the dates above stated, and for the amounts above stated; and all of said notes were so given by said defendant to plaintiff for money loaned to the defendant by the plaintiff, and the amount now due and owing to plaintiff by me, the

defendant, upon said notes, for borrowed money, borrowed of plaintiff, is the sum of $5,713.77."

*Held*, that the statement was fatally defective, in that it did not state the sum of money borrowed; that the statement would be literally true even if the real sum borrowed was less than the face of either of the notes.

Upon the trial the wife was examined as a witness in her own behalf and testified that one of the notes was not given for money loaned by herself to her husband, but that on the day it bore date she signed a note as security for her husband in the sum for which it was made, and pledged securities of her own to secure its payment, the proceeds of the loan being received by the husband, which note remained unpaid.

*Held*, that the failure to state these facts in the statement rendered the judgment entered thereon fraudulent and void as to the husband's creditors.

APPEAL from a judgment in favor of the plaintiff, entered in Genesee county upon the report of a referee.

*T. P. Heddon*, for the appellants.

*C. F. Bissell*, for the respondent.

BARKER, J. :

The plaintiff is a subsequent judgment creditor of the defendant John C. Doty, and this action is to set aside a judgment confessed by him to Susan F. Doty, his wife, and also a conveyance of lands made by the said Doty to his said wife, as fraudulent and void. The deed of conveyance is dated the 15th day of March, 1884, for the sum of $5,713.77. The judgment is attacked upon the ground that it is fraudulent and void, and made with intent to hinder and delay the creditors of the said John C. Doty in the collection of their debts, and, also, upon the ground that the statement signed and verified by the defendant is not in compliance with section 1274 of the Code of Civil Procedure, for the reason that it fails to state concisely the facts and circumstances out of which the debt arose, and does not show that the sum, for which the judgment was confessed, was justly due, or to become due the plaintiff. The statement relating to the indebtedness is as follows : " That said debt, for which this judgment is confessed, arises upon three several promissory notes in writing. One of said notes is dated Machias, April 1, 1873, made and given by this defendant to the above-named plaintiff for the sum of six hundred and fifty dollars, payable two years after its date to Susan F. Doty, or bearer, with

use, for value received. Paid on this note forty-one dollars and six cents. One note is dated Pavilion, Dec. 14, 1874, made and given by this defendant to this plaintiff, for the sum of twelve hundred dollars, payable five years after its date, to Susan F. Doty (this plaintiff), or bearer, with use, value received. Paid on this note $450; and one note dated Pavilion, N. Y., July 2, 1883, made and given by this defendant John C. Doty to the plaintiff herein, Susan F. Doty, for the sum of three thousand dollars, payable six months after its date to Susan F. Doty, or bearer, with use. That all of said notes are past due, and the sum of $5,713.77 is now due and owing to the plaintiff from me upon said notes this day. That the three several notes above stated, and upon which this judgment is confessed, was given by the defendant John C. Doty to the plaintiff Susan F. Doty, at the dates above stated, and for the amounts as above stated, and all of said notes were so given by the defendant to plaintiff for money loaned and lent to the defendant by the plaintiff, and the amount now due and owing to plaintiff by me, the defendant, upon said notes, for borrowed money, borrowed of plaintiff, is the sum of $5,713.77."

The statement is defective for the reason there is a failure to state the sum of money borrowed. At the most, it is only a statement that the defendant John C. Doty borrowed of his wife a sum of money, and the statement would be literally true if the real sum borrowed was less than the face of either of the notes. The statute requires that the confession must state concisely the facts out of which the indebtedness arose. It is insufficient to make a general statement that the indebtedness arises upon a promissory note, setting forth and describing the same. No one can determine from this statement the exact amount of money loaned for which each of the said notes was given, which constitute the basis of the alleged indebtedness for which the judgment was confessed.

The object of the statute in requiring a detailed statement of the facts and circumstances out of which the indebtedness arose, is to inform other creditors of the dealings and transactions which had taken place between the parties to the judgment, that they might ascertain by proper inquiry that the indebtedness was real and not fictitious, and satisfy themselves, if such was the fact, that the judgment was based upon a good consideration and valid in law.

The statute looks not to the evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise. The law requires this to be concisely set forth in the statement which is to form a part of the record, and in this way only does the provision furnish any additional security to creditors against the fraudulent combination of the parties to the judgment. (*Chappel* v. *Chappel*, 12 N. Y., 215; *Citizens' National Bank* v. *Allison*, 37 Hun, 137.)

On the trial the wife was examined as a witness in her own behalf, and it appears from her own evidence that the $3,000 note was not given for money loaned and advanced by herself to her husband, but that she, on the day this note bears date, signed a note as security for her husband in the sum of $3,000, payable at the Canandaigua Bank, and pledged securities of her own for its payment, and that the proceeds of the loan were used by her husband, which note remains unpaid. She could have taken a confession to secure herself against the contingent liability assumed on the signing of the note as surety, but the statute requires in such a case that the confession must state concisely the facts constituting the liability assumed, and must show that the sum confessed does not exceed the amount of the liability. As there was a failure to comply with the requirements of the statute, the confession of judgment is regarded in law as fraudulent and void, and may be attacked and set aside by a subsequent judgment creditor in an action prosecuted for that purpose. (*Dunham* v. *Waterman*, 17 N. Y., 9; *Lawless* v. *Hackett*, 16 Johns., 149; *Symson* v. *Silheimer*, 40 Hun, 116.)

The value of the mortgagor's interest in the real estate conveyed to his wife, Susan F. Doty, was found by the referee to be $5,000, and he also finds that no consideration was in fact paid by the grantee at the time of the execution and delivery of said conveyance, the expressed consideration being arbitrarily used and not representing any specific financial transaction between the parties. He also found, as a matter of fact, that the deed of conveyance and confession of judgment were, and each of them was made, executed and delivered by the debtor, John C. Doty, with an intent to hinder, delay and defraud the plaintiff in this action, and for the express purpose of preventing the plaintiff from collecting his judgment.

The circumstances connected with the execution and delivery of the deed were such as to call upon Mrs. Doty to show the real transaction, and that it was entered into in good faith and without any intent to hinder, defraud or delay the other creditors of her husband. The only consideration for the conveyance was the discharge of an indebtedness equal to the amount expressed as the consideration claimed to be due from her husband to herself. The only evidence produced on her part was her own naked statement of loans and advancements of money by herself directly to her husband, made after her marriage and many years prior to the conveyance. Not one independent fact or circumstance was proved on the trial in corroboration of her own evidence. As she was an interested witness, it was for the referee to determine from her appearance and manner whether her uncorroborated statement was entitled to full credit. We are unable to discover any reason for reversing the judgment, and are satisfied with the conclusions reached by the referee on the facts and law of the case.

The judgment should be affirmed, with costs.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.