ALBANY,
Jan. 1812.

FRASIER
v.
FRASIER.

FRASIER, JUN. *against* FRASIER.

*This court exercise an equitable jurisdiction over judgments entered upon bonds and warrants of attorney; and on the application of a creditor, stating that a judgment had been fraudulently entered up on a bond and warrant of attorney, an issue was directed between the parties to try the truth of the allegation, and the plaintiff directed to prove the consideration of the bond; and the creditor allowed to subpæna witnesses in the name of the defendant, to attend the trial.*

I. H. TIFFANY, in behalf of a creditor, moved to set aside the judgment which had been entered up in this cause, by warrant of attorney, on the ground of fraud. It appeared that the plaintiff, who was the son of the defendant, was an infant when the bond and warrant of attorney were given to him, and had always lived on the farm with his father; and that an execution had been issued on the judgment, and the farm advertised for sale.

*Parker*, contra, read the affidavit of the plaintiff, denying the charge of fraud, and stating, that the bond was given for work and services performed, and money paid for the defendant.

*Per Curiam.* We have an equitable jurisdiction over judgments entered up by confession on bonds and warrants of attorney. The proper course is to direct an issue to try the charge of fraud. Let an issue, therefore, be made up between the parties, under the direction of one of the justices of this court, in such manner that the plaintiff be bound, on the trial of the issue, to set forth and prove the matters and consideration for which the bond was given by the defendant; and that the issue be tried at the next *Schoharie* circuit; and that *T. G.* the creditor, in whose behalf the application is made, be permitted to *subpæna* witnesses to attend such trial, in the name of the defendant; and that all further proceedings on the said judgment and execution be stayed, until the further order of this court.