O’Neall, J.
delivered the opinion of the Court,
The judgment by confession in this case, was taken the regular course of judicial proceedings and not under the act of 1820; it is alledged by Ralph Smith, is an attaching creditor of the defendant, to be His affidavit charges the fraud distinct- ; and in addition to it, he relies on the evidence of debt, accompanying the confession, which is an account manifestly made up from memory, and not from original entries, and a due bill for the amount of the account, bearing even date with the confession; and also on the further fact, that the defendant is the son-in-law *263 of the plaintiff. On this shewing, the creditor moved for leave to file a suggestion, charging the fraud and that the plaintiff should be compelled to plead thereto.— The presiding Judge overuled the motion, which is renewed before us on appeal.
The only question of any importance in this ease whether the Court of Law has the power to try fact of fraud, in its own judgments, and if found to be true, ta-set them aside, when a third person not a party to the record, comes in and claims relief. Generally there can be no doubt, that a Court of Law possesses exclusive jurisdiction, over the amendment or vacation of its own judgments. This power applies most usually, to matters of form or substance apparent on the face of the record. Sometimes, however, it is exercised as between the parties, on matters out of and beyond the record, as when a judgment has been obtained by duress, by misrepresentation to the defendant, or an abuse of the process of the Court.— The mode of proceeding in the former case, is by rule against the party, on bringing the error on the face of the record, to the view of the Court; in the latter case the party intending to move to vacate the judgment, ought to file affidavits of the facts on which he relies, and give notice thereof, and of the time and place of his motionfor a rule. In both cases the party against whom the rule is moved for, is entitled as a matter of right, to have it made returnable to the Term, next ensuing that at which it is moved for, so as to afford him one Term, to shew cause against it.
In Bright ex’or. v. Eynon, 1 Burr, 396, Lord Mansfield said “ what circumstances and facts amount to such fraud or covin, is always a question of law.— Courts of Equity and Courts of Law, have a concurrent jurisdiction to suppress and relieve against fraud. But the interposition of the former, is often necessary for the better investigating truth and to give more complete redress.”
This dictum of the great jurist, who long adorned the English bench, seems to me, to present in a few words, the true idea of the power to be exercisedby the *264 Court3 of Law over questions of fraud. Wherever they can, by any mode of proceeding known to their practice, investigate the truth of the question and give adequate relief, they have the right to interfere. If in either of these respects they are defective, the case then properly belongs to another forum, the Court of Equity.
There is no doubt that the Court of Law, has the power on a rule at the instance of one of the parties, to vacate its own judgment, for fraud actually perpetrated on the party moving for the rule. The only difficulty is, in allowing a person not a party, to come in collaterally to vacate the judgment. I have looked into the precedents and have found that such is the practice in’ the State of New York.
In Frasier, jr. v. Frasier, 9 John. Rep. 80, a motion in behalf of a creditor, was made to set aside the judgment which had been entered up in this case by warrant of attorney, on the ground of fraud. It appeared that the plaintiff, who was the son of the defendant, was an infant when the bond and warrant of attorney were given to him, and had always lived on the farm with his father, and that an execution had been issued on the judgment, and the farm advertised for sale.
The eharge of fraud was denied by the plaintiff’s affidavit, which stated that the bond was given for work and services performed, and money paid for the defendant.

Per Curiam,

“we have an equitable jurisdiction, over judgments entered up by confession on bonds and warrants of attorney. The proper course is to direct an issue to try the charge of fraud. Let an issue therefore be riiade up between the parties, under the direction of one of the Justices of this Court, in such manner that the plaintiff be bound on the tidal of the issue, to set forth and prove the matters and consideration for which the bond was given by the defendant, and that the issue be tried at the next Schoharie circuit; and that T. R. the creditor, in whose behalf the application is made, be permitted to subpoena witnes *265 ses to attend such trial in the name of the defendant, and that all lurther proceedings on the said judgment he stayed, until the further order of this Court.” The case of Rogers v. Tift, 17 John. Rep. 267, was also the case of a feigned issue awarded by the Court, to try the validity of a judgment on a bond and warrant of attorney.
In the case of King v. Shaw, 3 John. Rep. 142, on affidavit that the bond and warrant of attorney on which judgment was entered up, were forged, the Court directed a feigned issue to try the fact of forgery.
These precedents of the proceeding in similar cases to that now before us, are not, it is true, conclusive authority in favor of the motion; but they constitute a very powerful reason why we, in settling a rule of practice, should adopt one, as nearly conformable as we conveniently can, to that which an enlightened Court in one of our sister states, acting on common law principles, has long practised with good results.
In addition to this, the act of 1820, constitutes I think, another strong reason why the motion in this case ought to prevail. That act is entitled, “An act to prevent fraudulent confessions of judgments, and to facilitate the confession of judgment by the consent of the parties after authorizing confessions to be taken by, and before the clerk, and directing the record of the judgments so taken, to be read by the clerk on the first day of the succeeding Term, it provides that “it shall be lawful for any person who may be aggrieved by said confession, to file a suggestion in the said Court at any time, setting forth that such confession is fraudulent and not founded on bona fide consideration; and an issue shall be' made up on the said suggestion, and the same shall be tried by a jury.” Under this act, any person aggrieved by a confession before the clerk, may as a matter of right, file a suggestion to try the validity of it. if the legislature thought proper to allow this proeeedingih a new mode of taking confessions allowed by that act, it may, I *266 think, with great propriety, be said to constitute a good reason why the Courts should allow a similar proceeding, to test the validity of judgments confessed in the mode known to the practice before the passage of that act. The only difference in the practice in the two cases, ought to be, that in the case under the act, the suggestion is filed as a matter of right and of course, in the other that it can only be filed by leave of the Court on cause shewn, creating a reasonable ground to believe that the confession is fraudulent, and upon such conditions as the Court may impose.
A. W. Thompson & Smith, for the motion.
Henry, contra.
In the practice in this State, issues are frequently made up to try collateral questions. On returns to rules, if the facts are doubtful, the Court may m the exercise of a sound discretion, order an issue to try and determine them. I think that on the circuit, suggestions have been frequently permitted in this State to be filed, to impeach a judgment for fraud. •
The motion to reverse the decision of the Judge-below is granted ; and the creditor, Ralph Smith, upon his entering into a consent rule to pay the costs, (if he should fail) has leave to file a suggestion, setting forth that the confession of judgment in the case of William Posey v. Thomas J. Underwood is fraudulent and not founded on abona fide consideration, to which the plaintiff in the said confession may be required to plead, by the usual thirty day rule. The creditor Ralph Smith, is to be the plaintiff in the issue so to be made up; all proceedings under the said judgment are stayed until the trial of the said issue, of the further order of the Circuit Court. (a)
Harper J. absent.