The single question in this case is, whether the statement made under the 383d section of the Code, authorizing the entry of the judgment sought to be impeached, is a substantial compliance with the second subdivision of that section. The supreme court determined that it was not, and set aside the judgment, on the application of a creditor by judgment subsequently obtained *Page 217 
against the same debtor. The statement contained in the record, so far as it has reference to the question before us, is as follows: "This confession is for a debt justly due to the said plaintiff, arising upon the following facts, viz: A promissory note, payable to the said plaintiff or bearer, for the sum of eight hundred and twenty-five dollars, dated April 16, 1840, and payable one day from date, with use; and a promissory note, payable to the said plaintiff or bearer, for the sum of seventy-five dollars, dated May 16th, 1849, and due — the said sum of ten hundred and eighty-eight dollars being the amount of said notes, principal and interest, up to this date, and is justly due to the said plaintiff from the said defendant." The second subdivision of § 383 is as follows: "If it (that is, the amount for which the judgment is authorized) be for money due or to become due, it (the statement) must state concisely the facts out of which it (the debt) arose, and must show that the sum confessed therefor is justly due or to become due." The phraseology is obscure and awkward; but, taken in connection with the first subdivision, the word "it," as it first occurs in the second subdivision, probably refers to the amount or sum for which the judgment may be confessed, and not to the judgment itself; although it must be admitted that the clause can be read either way without violence to the language. The construction I have suggested was obviously the one adopted in the confession of the judgment in question; for the statement there is, that "the confession was for a debt justly due, and arising on the following facts." Assuming, then, that the statement "must set forth concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due," was the condition fulfilled in this instance? Our conclusion upon this subject, I apprehend, will depend upon the purpose which we attribute to the legislature in enacting these provisions regulating the confessions of judgments. If that object was to improve the condition of other creditors, *Page 218 
by compelling the parties to spread upon the record a more particular and specific statement of the facts out of which the indebtedness arose, thus enabling them, by a comparison of that statement with the known circumstances and relations of the debtor, to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the former system, then the statement in this case is clearly insufficient. It does not advance one step towards the accomplishment of such a purpose, or give the creditors a single advantage which they did not formerly possess. Prior to the Code, the usual mode of obtaining judgment on confession was by bond and warrant of attorney. The bond was counted upon in the record, and the judgment was upon that, as the ground of indebtedness. Superadd to these formalities the oath required by the first subdivision of this section, and we have this case precisely. But the Code demands something beside an oath to the justice of the debt; it requires what to a dishonest debtor is far more difficult and embarrassing — a statement of the facts out of which it arose. He could swear, perhaps, that he was justly indebted, because the bond, if executed for a fraudulent purpose, was, as between him and the obligee, conclusive notwithstanding. The same would be true of a note. A promissory note is no higher evidence of indebtedness than the bond under the old practice. Either may be supported by any and every possible consideration; and the one affords as much evidence of the true one as the other. There is no legal certainty that either was made when the date would indicate; and both, with equal facility, may be made instruments of fraud by dishonest parties. The creditors, however, are entitled "to the facts out of which the indebtedness arose." The judgment debtor has simply stated a note. This at best, even between the parties to the instrument, is but presumptive evidence of a debt. The maker did not become indebted by the mere execution *Page 219 
of a written promise to pay money. His obligation arose out of facts dehors the instrument, and antecedent to or accompanying its execution. A promissory note, without consideration, binds no one. In this case we are informed, by the affidavits read in opposition to the motion, that there was a loan of money. The loan, if the fact is so, created the obligation; and the note was given as presumptive evidence of the debt, and as a means of enforcing its payment. The statute, however, looks not to evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise. The law requires this to be concisely set forth in the statement which is to form a part of the record; and in this way, only, does the provision furnish any additional security to creditors against a fraudulent combination of the parties to the judgment. We know that the purpose of those who framed the Code was such as has been suggested, for they so affirm in their report; and the presumption is, that the legislature concurred in their views, when they adopted the section as it came from their hands. But what is of more consequence than either, the statute demands this construction to save it from the imputation of making a capricious change in the existing law without any reason or object whatever; for if the provision under consideration can be satisfied by a reference to an instrument, which is but evidence of a debt, it is not only nugatory but absurd, inasmuch as the judgment itself, without any statement, would furnish conclusive evidence of the same fact.
Under the act of 1818, which required the nature and consideration of the debt to be set forth, it was held that a statement, showing a cause of action under the common count for goods sold, was not sufficient. The reasoning of the court in that case, as to the object and effect of that law, is applicable to this one in question. (Lawless v. Hackett, 16 Johns.,
149.) I have not referred to the decisions in the supreme court upon this section because they are *Page 220 
conflicting. In the 6th and 7th districts, they are in conformity to the opinion I have expressed; in the 4th and 5th, we have the opinions of Justices Cady and Allen the other way; and in the 7th, the judges are divided. For the reasons suggested, I think the order made by the supreme court right, and that it should be affirmed.