MILLER & LUTHER *v.* EARLE *et al.*

A judgment by confession entered upon an insufficient statement, but not impeached for actual fraud, is good as between the parties.

Where the property of the defendant has been sold under an execution upon such a judgment, the purchaser's title cannot be impeached by a creditor having no judgment or lien on the property at the time of the levy.

APPEAL from the Supreme Court. The complaint stated a judgment by confession against James Heth, on the 23d of

August, 1855, in favor of the defendants in this action, upon which execution was issued, and Heth's property sold by the sheriff, and the proceeds of sale paid over to the defendants. That on the 8th of November, 1855, the plaintiffs recovered a judgment against Heth, and issued execution thereon, which was returned unsatisfied. The complaint set out the confession of the judgment by Heth to the defendants, and claimed that it did not conform to the provisions of the Code, and that it was, therefore, void : and the plaintiffs in this action claimed that the money so received by the defendants from the sheriff on the void judgment and execution, should be applied and paid over in satisfaction of the plaintiffs' judgment. The defendants demurred, alleging that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained at special term, and judgment given for the defendants, which was affirmed at general term. The plaintiffs appealed to this court.

*George W. Stevens*, for the appellants.

*R. H. Bowne*, for the respondents.

DAVIES, J. At the time of the sale of Heth's property, and the payment of the proceeds over to the defendants in this action, it does not appear that these plaintiffs were in a position to challenge or object to that sale and payment. If Heth chose to adopt this form of paying the defendants the amount he owed them, it is not perceived that any objection can be taken by these plaintiffs to such payment. Heth certainly would be estopped from alleging or setting up that the judgment was not valid, or, in other words, was not a judgment, and after he stood by and saw his property sold under an execution issued upon it, and the proceeds paid over to the defendants, he would be estopped from recalling such payment. The plaintiffs are certainly in no better position than that occupied by Heth, and as the transaction was completed before

the recovery of the plaintiffs' judgment, they are not in a position to impeach it. The judgment appealed from should be affirmed.

JAMES, J. Proceeding by action is a proper mode of testing the validity of the senior judgment. (*Dunham* v. *Waterman,* 17 N. Y., 9, 14, 15.)

On the entry of a judgment by confession, the Code (§ 383) requires from the defendant a statement in writing, verified, of the facts out of which the indebtedness confessed arose. The statement on which the judgment sought to be set aside was entered, is as follows: "This confession of judgment is for and upon a balance of account against me, * * * * for goods, wares and merchandise purchased by me of them." This does not fulfill the requirement of the statute. Although it stated, and no doubt truly, the facts upon which the indebtedness existed, it did not give the facts out of which that indebtedness arose or originated. It does not state when the goods were bought, the terms, the amount, quantity or kind: and although the confession purports to be for a balance, it does not allege or show any payments made, nor state how such balance was ascertained. In fact, the statement is as broad and general as a declaration containing simply the common counts. It furnishes no data whereby its truth can be tested, or the actual amount, if anything, due the plaintiffs, ascertained. The statement is clearly insufficient within all the cases decided in this court. (*Chappell* v. *Chappell,* 2 Kern., 215; *Dunham* v. *Waterman,* 17 N. Y., 9; *Lanning* v. *Carpenter,* 20 N. Y., 447; *Freligh* v. *Brink,* 22 Id., 418.)

As between the parties themselves, however, the judgment confessed should be held legal and valid; that being so, the levy and sale of property under it was good as against the defendant, and all the world, except judgment creditors existing and having a lien upon his property. Until the plaintiffs had recovered their judgment against Heth, they had no lien upon his property. Until then he had a right to dispose of it

or its proceeds, in payment or satisfaction of his debts, or in any other way not fraudulent.

What was said by this court in *Chappell* v. *Chappell* (4 Kern., 215), that a judgment entered upon an insufficient statement was to be deemed fraudulent and void as to other judgment creditors of the defendant, must be limited in its effect to such property of the judgment debtor as remained undisposed of at the time of obtaining such other judgments, and cannot be construed as intending that money made and paid over under such confessed judgment, prior to any lien acquired by the other judgment could be recovered by them.

The complaint does not aver that their judgment was confessed with a fraudulent intent: it is claimed to be void by reason of an insufficient statement of confession; no other fraud is charged. It was held in *Ames* v. *Blunt* (5 Paige, 13), that "although an assignment for the benefit of creditors was fraudulent as to those who do not assent to it, the assignees are not answerable for the proceeds of assigned property actually paid to *bona fide* creditors of the assignor pursuant to the assignment, before any others have obtained either a legal or equitable lien on such property, or the proceeds thereof."

The Chancellor in *Wakeman* v. *Grover*, declared an assignment for the benefit of creditors void, but decreed that the assignee be allowed all payments made under it to the creditors of the assignor previous to filing the bill to set it aside; and that decree was affirmed by the court of last resort. (*Grover* v. *Wakeman*, 11 Wend., 187, 190, 226.)

These cases proceed upon the theory that the legal and equitable rights of the plaintiffs have not been defrauded by such distribution; upon the principle that the property assigned had been distributed according to the direction of the assignor in payment of *bona fide* creditors, to whom such proceeds might have been lawfully distributed by the assignors themselves at any time before the complainants obtained any legal or equitable claim thereon. So in this case, the debt for which the confession was given being *bona fide,* the property levied upon might have been lawfully applied by the judgment

debtor, without judgment, to the payment of such debt at any time before the plaintiffs in this case obtained any legal or equitable lien thereon; and the proceeds of such property having been applied to the payment of such *bona fide* debt, through the instrumentality of a defective judgment before any legal or equitable lien was obtained upon it by any other creditor, the property cannot be recalled, nor its proceeds recovered by a subsequent judgment creditor, although the prior judgment is void as to him, for any remaining property of the judgment debtor undisposed of.

DENIO, LOTT and HOYT, Js., concurred; COMSTOCK, Ch. J., and MASON, J., dissented.

Judgment affirmed.