## ELY *v.* COOK.

December. 1863.

Affirming in part 6 *Abb. Pr.* 366; S. C., 2 *Hilt.* 408.

Attorney and client may agree that any costs to be recovered by the latter, in an action, shall belong to the former; and such agreement, being followed by recovery of judgment for costs, and an assignment thereof to the attorney, constitutes him the owner of the judgment, and prevents it being set off against a debt due from the client to the debtor in the judgment.*

The following are sufficient statements of the facts out of which indebtedness arose, to sustain a confession of judgment:—

"The defendant has, from time to time, borrowed of the plaintiff money, and there is now due to the plaintiff from the defendant the sum of fifteen hundred dollars for cash borrowed, for which the plaintiff holds the note of the defendant, bearing date the 12th day of November, 1850, and payable six months after date."

"The plaintiff has assumed for the defendant the payment of the sum of two thousand dollars, for which the defendant has given to the plaintiff two notes made by said defendant of one thousand dollars each; one

---

* Compare McGregor *v.* Comstock, 28 *N. Y.* 237.

Ely v. Cook.

payable sixty days from the 12th of November aforesaid, and the other in ninety days from said date."[*]

In proceedings for a discharge under the two-thirds act (2 R. S. 17, § 7), the omission to swear to the affidavit annexed to the insolvent's petition, before the magistrate, and to have it subscribed by him, prior to the granting of the order that creditors show cause, renders the discharge void for want of jurisdiction.

A due verification of the petition, subsequent to granting the order, does not cure the defect.

Smith Ely brought this action, in the New York Common Pleas, against George Cook and the Messrs. Sherwood, to have a discharge in insolvency declared void, and a judgment set off.

On November 29, 1850, the defendant Cook had confessed judgment to Ely, the present plaintiff.

The confession (after the usual consent that judgment be entered), stated the facts in reference to the indebtedness, in language which is given in the head-note.

On December 31, 1851, Cook obtained a discharge from his debts under 2 R. S. 17, § 7, known as the "Two-thirds act."

In 1851 Ely brought a creditors' suit upon his judgment against Cook, seeking to set aside an assignment made by Cook as fraudulent as against them.

The Messrs. Sherwood, who were Cook's attorneys in that action, agreed with him, when they undertook the defense of the action, that the costs, if any, should belong to them; and they succeeded in the defense, and recovered judgment for costs in Cook's favor. Upon the recovery of the judgment for costs, Cook assigned it to them.

Ely brought the present action, against Cook and the Messrs. Sherwood, asking that the insolvent discharge be declared void, and that the judgment which he held against Cook should be set off against the judgment recovered by Cook, and which had been assigned to the defendants Sherwood. The objection to the discharge was that the affidavit annexed to the petition of the insolvent was not sworn to by the petitioner before the

* See also Read v. French, 28 N. Y. 265; Acker v. Acker, Clements v. Gerow, and Gandall v. Finn, reported in this series; and Frost v. Koon, 30 N. Y. 428; Ingram v. Robbins, 33 Id. 409; Union Bank v. Bush, 36 Id. 631.

recorder, nor subscribed by the recorder prior to granting the order for the creditors to appear and show cause why the discharge should not be granted, as is required by section 7 of the act.

The cause was tried before BRADY, J., who held that the Sherwoods were protected not merely by a lien, but by the fact that the costs were from the first earned by, and belonged to, them under their agreement with their client; but that Cook's discharge was void. He accordingly gave judgment in favor of plaintiff as against Cook, but dismissed the complaint as against the Sherwoods.

From the former part of the judgment defendant Cook appealed, and from the latter part the plaintiff appealed, and the court at general term were of opinion that the decision in favor of the Sherwoods was right; but that the main ground of relief, —viz: the set-off,—having thus failed, and the plaintiff's judgment being also questionable in form, the plaintiff was not entitled to judgment against Cook; and they therefore affirmed the judgment in favor of the Sherwoods, with costs, but reversed the judgment as against Cook without costs. Reported in 6 *Abb. Pr.* 366; S. C., 2 *Hilt.* 406.

Plaintiff then appealed to this court.

*C. Bainbridge Smith,* for plaintiff, appellant.

*H. A. Cram,* for defendants, respondents.

BY THE COURT.—DAVIES, J.—Assuming the judgment to be valid, and the discharge void, the plaintiff clearly would be entitled to no relief against the defendants Sherwood, in this action, if the conclusion of law of the judge is correct, viz: that the agreement made between Cook and the Sherwoods was good and valid, and the subsequent assignment of that judgment by Cook to them passed to them the said costs and judgment. If we adhere to the case of Rooney v. Second Avenue Railroad Company, 18 *N. Y.* 368, there would not seem to be much doubt upon this subject. In that case it had been agreed between the plaintiff and his attorney, that the latter should commence and prosecute that action to its final termina-

tion, without fee and at his own risk, and upon his final success, he should receive for his services one half of the recovery, and if the amounts should not exceed six hundred dollars, he was also to have the taxable costs. The plaintiff gave the attorney an irrevocable power of attorney to receive the amount of the recovery, and this court held that the attorney had a lien upon the judgment recovered by him, for his services : that the legal measure of these services was the taxable costs, so that it always happened that the extent of the lien was equal to the costs recovered in the action, And cases were cited showing that to this extent the attorney was regarded as the equitable assignee of the judgment. Judge HARRIS, in his opinion, says, that the principle upon which the right of the attorney to protection of his lien had been sustained is certainly unaffected by the Code. As in other cases of lien, the attorney is protected, because it is by his labors and skill that the judgment has been recovered. In that case, the agreement between the attorney and his client was sustained ; thus holding that the attorney, independent of any agreement, had a lien upon the judgment recovered, for his costs, to the extent of the amount thereof, but that it was competent for the attorney and client to fix a larger or different amount of compensation ; and the right of the attorney, under such agreement, would be protected. That case is therefore an authority directly in point to sustain the judgment rendered in this action.

The agreement made here is a fact established in this case, and it can be decided on that ground, independent of the question of lien of the attorney for costs, as such. Here the attorney was to have the whole amount of the recovery, as his compensation for carrying on the defense to the action prosecuted by this present plaintiff, to set aside Cook's assignment. It was lawful to make such an agreement. It was based upon a good consideration, namely, services rendered and to be rendered in the defense of that action. After such agreement was made, Cook ceased to have any interest in the recovery in that action. Whatever judgment he should recover therein, of right belonged to the defendants Sherwood, and not to the defendant Cook. In executing to them the assignment of

2

November 6, 1856, he did but do what in equity he would have been compelled to do. The plaintiff has therefore no legal or equitable claim to have this judgment, which, although recovered in the name of Cook, did not in fact belong to him, nor had he any interest therein, applied in reduction of the debt which Cook owes to him, upon his judgment. The judgment, therefore, of the New York common pleas was in all respects correct, as in favor of the Sherwoods, and should be affirmed with costs.

But the judgment of the general term reversing that of the special term, against the defendant Cook, must be reversed, and the judgment of the special term against him affirmed with costs. The plaintiff's judgment against him was valid, and in all respects a compliance with the provisions of the Code. The statement conforms to its requirements.

The assignment and discharge of the defendant Cook were void, for the reason that the recorder had no jurisdiction of the proceedings, in that the affidavit annexed to the insolvent's petition was not sworn to by him before the recorder, nor subscribed by the recorder, before granting the order for the creditors to appear and show cause. The subsequent verification of the petition did not cure this defect; and consequently the special term of the common pleas correctly held the discharge to be void.

The plaintiff was entitled, therefore, to a judgment against the defendant Cook, declaring such assignment and discharge void, and for the amount due to him.

ROSEKRANS, J., read a memorandum of opinion, to the same effect, in respect to the latter questions, holding that the judgment was valid as between the parties (citing 24 N. Y. 110, 325), and that the discharge was void for want of jurisdiction consequent upon the omission of the affidavit; but he dissented as to the right of set-off.

BALCOM, J., was also for reversal and a new trial.

EMOTT, J., concurred in the opinion of DAVIES, J., as to the right of set-off, but not as to plaintiff's right to have judg-

ment against Cook, for the incidental relief against the discharge, having failed in the main relief of set-off.

The other judges concurred in the opinion of DAVIES, J.

Judgment reversed, and judgment of special term affirmed, with costs to appellant against the defendant Cook, and with costs to the respondent Sherwood, against the appellant.