## THE KNICKERBOCKER LIFE INSURANCE COMPANY, RESPONDENT, *v.* GEORGE W. NELSON AND OTHERS, APPELLANTS.

*Bonds and mortgages — usury in — by whom, after conveyance of the mortgaged property, it may be set up.*

One Nelson, on October 13, 1874, in pursuance of an usurious agreement entered into between himself and the plaintiff, executed and delivered to it four bonds and mortgages. On February 19, 1875, he conveyed the property covered thereby to one L., subject to the mortgages. On March 15, 1875, L. conveyed the same, subject to the mortgages, to W., who, on March 23, 1876, reconveyed the premises to Nelson, the conveyance not being stated to be subject to the mortgages.

In an action brought to foreclose the mortgages, *held*, that Nelson, being the "borrower," and the mortgages being liens only upon his own property, was entitled to set up the defense of usury and have the bonds and the mortgages collateral thereto declared null and void.

*Quære*, whether, if any of the intermediate grantees of the property had become bound for the payment of the bond and mortgage, the mortgage might not be considered as collateral security for that liability, and enforceable with it.

APPEAL, by George W. Nelson, from a judgment entered upon the trial of this action by the court without a jury.

*Morris & Pearsall*, for the appellant.

*Henry W. Johnson*, for the respondent.

GILBERT, J. :

This is an action to foreclose four mortgages executed by George W. Nelson to the plaintiff, upon premises situated in the city of Brooklyn, to secure the payment of his bonds for the aggregate sum of $70,000, each dated on the 13th and recorded on the 15th of October, 1874, and to enforce the personal liability of Nelson upon said bonds. Nelson set up the defense of usury. The justice at Special Term found, as matter of fact, that the bonds and mortgages were executed pursuant to a corrupt and usurious agreement. He also found that, on the 19th day of February, 1875, Nelson and his wife conveyed the mortgaged premises to Felix W. Leinbach, Augustus Wellee and Simon C. Pettee, subject to the mortgages; that on the 15th of March, 1875, the said Leinbach, Wellee and Pettee, conveyed said premises to the defendant, Charles M. Watkins, subject to said mortgages ; and that on the 23d day of March, 1876, Watkins reconveyed the premises to the defendant Nelson, which conveyance was not made subject to the mortgages in question, or either of them.

As conclusions of law the court found, that Nelson could not avail himself of the defense of usury so far as the mortgages affect the land covered thereby, but that as to his liability upon his bonds said defense of usury was available, and as to such liability said bonds and mortgages are usurious and void. Judgment was entered accordingly.

I think the facts found do not warrant the conclusion of law, and that Nelson was entitled to a judgment avoiding the bonds and mortgages altogether. He is the "borrower." As such he is entitled, by the express provisions of the statute, to have the usurious contract annulled, and the bonds and mortgages surrendered and canceled without paying or offering to pay any part of the money loaned. (1 Edm. Stat's, 725, § 8; 4 id., 460, §§ 4, 5; *Minturn* v. *Farmers' Trust Co.*, 3 Coms., 498; *Allerton* v. *Belden*, 49 N. Y., 378.) The usury having been proved Nelson is entitled to the relief provided by the statute, and I cannot find any authority for imposing any restriction upon such relief. If he is entitled to any relief at all it must be full relief, without any condition or limitation, for the reason that he is the "borrower," and has never been released from his obligation as such. The statute absolutely requires the court to afford that relief to a "borower" who has legally established the invalidity of the usurious contract.

Nor is there any way by which a usurious debt or security, in whole or in part, can be rendered valid as an executory contract. The statute makes it void in its inception, and so it must forever remain. (*Miller* v. *Hull*, 4 Denio, 104; *Brackett* v. *Barney*, 28 N. Y., 333; *Cope* v. *Wheeler*, 41 id., 303–311–314–315.)

It has been held in many cases that a grantee of "the equity of redemption," as the interest of the mortgagor in mortgaged premises has been designated, is not a borrower within the meaning of the statute, nor in privity with him as to so much of the estate mortgaged as is necessary to satisfy the mortgage debt, and that, therefore, such grantee cannot question the validity of the mortgage. Various reasons for so incapacitating such a grantee have been assigned besides the lack of privity mentioned. By some it has been said that the mortgagor, by conveying the mortgaged premises, subject to the mortgage, or by assigning them upon trust to pay the usurious debt, makes an appropriation of the property for the payment of said debt; that if such grantee were allowed the defense it would not inure to the benefit of the borrower, but would operate to discharge such grantee *pro tanto* from the payment of the money which he had agreed to pay, and that the statute was not intended for such a purpose. (*Merchants' Ex. N. Bk.* v. *Com. Warehouse Co.*, 49 N. Y., 643, and cases cited.) Others have

said that a sale of the mortgaged premises, subject to the mortgage, is an affirmance of the mortgage. These reasons, however, can mean nothing more than that the mortgagor has put his grantee in a position that will disable him from setting up the usury; for no principle is better settled than that a usurious contract is wholly incapable of confirmation. It seems to me that the reason stated in *Hartley* v. *Harrison* (24 N. Y., 170), namely, that such grantee is a stranger to the usurious contract, and is not in privity with the mortgagor, because he took, not the whole estate, but the equity of redemption only, and therefore the usury does not affect him in his person or estate, would have better support, in principle, than either of the others mentioned, if a conveyance by a mortgagor of the mortgaged premises did not pass the entire estate therein. But, in this State, a mortgage is a mere incumbrance, extinguishable by a tender. The whole legal estate remains in the mortgagor, notwithstanding the mortgage (*Kortright* v. *Cady*, 21 N. Y., 343; *Ten Eyck* v. *Craig*, 62 id., 406, 421), and will pass by a conveyance from him, without any conveyance from the mortgagee, charged only with a lien for the mortgage debt. (Id.)

Whatever ground may be assumed, however, for incapacitating a grantee from setting up the defense of usury, the rule has had, and in the nature of things can have, no other effect, than to close his mouth. No conveyance, or other act of the grantor, can render valid the usurious debt or security; nor can a mortgage which is void for usury be . converted into a valid charge upon the land described therein, otherwise than by surrendering the mortgage, purging the transaction of the usury, and executing a new instrument for that purpose. The argument that usurious mortgages can become *valid liens*, as against anybody, is not supported by any authority that I have met with. The most that has been decided upon that subject is, that grantees of the " equity of redemption" cannot be heard to allege the invalidity of them. In *Cope* v. *Wheeler* (*supra*), WOODRUFF, J., whose opinion is cited by the plaintiff held expressly, that the ability of a mortgagee to enforce his lien against his grantee, arose, not from the fact that the mortgage was not void as between the parties thereto, but the grantee was not at liberty to use that as a defense, having retained in his hands the amount.

Hence, a grantor who is the actual borrower, may still aver and prove the usury, whensoever it becomes necessary to protect himself or his property against liability for the usurious debt. If, after having conveyed the mortgaged premises, he is discharged from the debt, he ceases to be the borrower, for the reason that in fact, or in legal effect, he has returned the money borrowed, and the entire obligation of a borrower has been extinguished. A reconveyance to him of the whole estate mortgaged, and not of the "equity of redemption" only, would not revive the debt or rehabilitate him as a borrower, but would merely invest him with the rights of a purchaser. The statute was designed to relieve only the injured party to the usurious contract by releasing him from liability thereon. If this liability has been already discharged, nothing remains for the statute to operate upon. The security falls with the debt so far as the borrower is concerned. A grantee will be estopped from claiming that such discharge has avoided the security, when it appears that he took the land subject to it, and that the debt has not in fact been paid. The same principle of estoppel would be applicable to a grantee who had taken a conveyance, subject to a mortgage, which had been paid by the mortgagor. But, I apprehend that the mortgagor, on reacquiring the property, would not be estopped from pleading the payment of his mortgage in defense of an action for the foreclosure thereof. A mere purchaser from the grantee stands in his shoes. That is the principle decided in *Schermerhorn* v. *Talman* (14 N. Y., 93), for in that case the plaintiff, who was the borrower, repurchased the mortgaged premises after he had obtained a discharge in bankruptcy from all his debts. The decision is put distinctly upon the ground that he sought relief, only by virtue of the title which he acquired, after his discharge in bankruptcy. (See also *Wheelock* v. *Lee*, 64 N. Y., 247.) In the case before us Nelson is the maker of the bonds and mortgages, the usurious contract was made with him and he has never been discharged from liability thereupon, consequently he is entitled to have his bonds declared void. When that shall be done, the liens of the mortgages, being merely collateral to the bonds, will necessarily cease for the reason that they are liens only on his property. Those liens cannot be preserved as against Watkins, the defendant who made the reconveyance, for he no longer has any interest in the mortgaged premises, and he is

not liable for the payment of the usurious debt. The decree against him in this case is wholly inoperative and nugatory. If there had been a personal liability on the part of the defendant Watkins to pay the mortgage debt, perhaps it would not be in the power of Nelson and himself, by any act of their own, to release that liability without the consent of the mortgagee (see *Hartley* v. *Harrison*, [*supra*] ; *Stephens* v. *Casbacker*, 8 Hun, 116), and in that case, if a strong desire to frustrate the statute of usury should be indulged, the mortgages might be treated as collateral security for that liability, and enforceable with it. But no personal liability on the part of Watkins exists. The mortgages, therefore, stand as liens on lands belonging to Nelson, created by him, as securities for his bonds only, on which he is still liable, and those bonds are void. He is entitled, therefore, to all the consequences of a successful defense of usury, namely, the avoidance of the usurious contract and all securities given in pursuance thereof. It follows that the judgment is right, so far as it adjudges the bonds to be void, but that it is erroneous so far as it directs or permits an enforcement of the mortgages against the land.

The judgment should be reversed, and a judgment in the usual form should be entered in favor of the defendant Nelson, with costs.

Present — Gilbert and Dykman, JJ. ; Barnard, P. J., not sitting

Judgment reversed, so far as it decrees a foreclosure and sale under the mortgage set forth in the complaints, and judgment ordered that the bond and mortgage both be declared void, and that the complaint be dismissed, with costs.