## SAM S. UTTER, RESPONDENT, *v.* ALEXANDER McLEAN AND FRANK T. BROWN, DEFENDANTS; WILLIAM D. SOUTHARD AND OTHERS, MOVING CREDITORS, APPELLANTS.

*Motion by a junior judgment-creditor of a firm to set aside as fraudulent a senior judgment entered on a confession — it may be made, even if the moving parties were not creditors of the firm which confessed the judgment, where one of the defendants under each judgment is a member of both firms.*

A motion was made on behalf of one Southard and others, judgment-creditors of Alexander McLean and Elizabeth A. McLean, who had duly issued an execution upon such judgment, to set aside a confession of judgment made in favor of Sam S. Utter by the said Alexander McLean and one Frank E. Brown, upon the ground that the said confession was fraudulently entered. No affidavits denying the fraud were offered in support of the confessed judgment, and upon the hearing the court denied the motion.

Upon an appeal from the order it was urged that the junior judgment-creditors could not, upon a motion, test the validity of a senior judgment upon allegations of fraud, where the senior judgment was valid upon its face.

*Held,* that the objection was not well taken.

*Williams* v. *Hernon* (3 Keyes, 99); *Chappel* v. *Chappel* (12 N. Y., 215) followed; *Miller* v. *Earle* (24 id., 110); *Dunham* v. *Waterman* (17 id., 9) distinguished.

That, as the moving parties were judgment-creditors, and had issued an execution upon their judgment, they were authorized to make this motion to remove an obstruction to the making of a levy under the said execution.

It was urged that as the moving parties attacked the consideration upon which the judgment was founded, and alleged the same to be false and fraudulent, that the court could not, and would not, determine, in a summary motion, upon affidavits, such serious charges of fraud.

*Held,* that, as the fraud was not denied, there was no difficulty in determining that question.

It appeared that the moving parties were not judgment-creditors of the firm which confessed the judgment to Utter, but that they were judgment-creditors of another firm, one of the defendants in each of the judgments being a member of both firms.

*Held,* that the moving parties had a right to levy upon the assets of the firm of McLean & Brown in order to reach and sell the interest of such common member of the two firms, the defendant Alexander McLean, therein, and to have the obstruction to their so doing, presented by the Utter judgment, removed.

APPEAL from an order, made at a Special Term of the Supreme Court held in the county of New York on the 3d day of May, 1889, which was entered in the office of the clerk of the city and county of New York on the same day, denying a motion to vacate a judgment entered on a confession.

*A. R. Robertson*, for the appellants.

*M. Morley Platzek*, for the respondent.

Van Brunt, P. J.:

A motion was made on behalf of one Southard and others, who were judgment-creditors of one Alexander McLean, and one Elizabeth A. McLean, upon which judgment they had duly issued an execution to set aside a confession of judgment made in favor of plaintiff herein, by the said Alexander McLean and one Frank T. Brown, upon the ground that said confession of judgment was fraudulently entered. No affidavit denying the fraud was offered in support of the judgment, and upon the hearing the court denied the motion, and from the order thereupon entered this appeal is taken.

The points which are now urged in support of the ruling of the court below are, first, that the junior judgment-creditors cannot test the validity of a senior judgment, by motion, upon allegations of fraud where the judgment is valid upon its face and in no way defective, and that the only mode of testing the validity of the senior judgment is by an action. And we are referred to the cases of *Miller* v. *Earle* (24 N. Y., 110), and *Dunham* v. *Waterman* (17 id., 9), to support this proposition. But an examination of those cases show that no such question was there presented. In *Miller* v. *Earle* it is simply decided that money made and paid over under a confession of judgment, although it may be defective, cannot be reached by motion where no fraud is alleged. And in *Dunham* v. *Waterman* the only point in the decision pertinent to the question now before the court is, that it decides that an action can be maintained to set aside such a judgment. Whereas, in the case of *Williams* v. *Hernon* (3 Keyes, 99), and in *Chappel* v. *Chappel* (12 N. Y., 215), the right of the court to entertain a motion to set aside a confession of judgment, upon the ground of fraud, is expressly recognized. The same was held in case of *Frasier* v. *Frasier* (9 Johns., 80), where the Supreme Court directed an issue as to charges of fraud to be tried.

It is further urged, as an objection to the granting of this motion, that in an action by a judgment-creditor to set aside a judgment or

conveyance upon the ground that such judgment or conveyance was made to defraud creditors, the plaintiff must allege in his complaint, and prove on the trial, that his execution has been returned unsatisfied, or that an execution has been issued upon the judgment.

This proposition is undoubtedly true; but in the case at bar all the conditions have been fulfilled. The moving party is a judgment-creditor. He has execution issued upon his judgment, and he makes his motion to remove an obstruction to the levying of the execution which he has issued. He is in a condition to maintain an action, and being in a condition to maintain an action he can, under the authorities cited, obtain this relief by motion, the court having full control over its own judgment. It is urged that the moving party attacks the consideration upon which the judgment is founded and alleges the same to be false and fraudulent, and that the court cannot and will not determine in a summary way, on motion, on affidavits only, such serious charges of fraud. In reply to this objection, it seems to be sufficient to say that when the fraud is confessed there is no very great difficulty in determining the only questions of fact which are necessary to entitle the moving party to the relief asked.

But there is another point which seems to be necessary to consider upon this appeal, and that is that the moving parties are not judgment-creditors of the firm who confessed the judgment to the plaintiff, but they are judgment-creditors of another firm not composed of the same persons. It appears, however, that one of the defendants in each of the judgments is the same persons, and the moving parties, therefore, have a right to levy upon the assets of the firm of McLean & Brown to reach and sell the interest of the defendant Alexander McLean therein. The judgment, therefore, by confession, and the execution issued thereunder, should be set aside so far as they obstruct the moving parties from levying upon and selling the right, title and interest of Alexander McLean in the firm property of McLean & Brown.

The order appealed from should be reversed, with ten dollars costs and disbursements and the motion granted to the extent indicated.

BRADY and BARRETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in opinion.