Lois Johnston, Plaintiff, *v.* A. L. Erlanger Realty Corporation, Defendant.

Saul J. Baron, as Temporary Administrator, etc., of Abraham L. Erlanger, Deceased, Plaintiff, *v.* A. L. Erlanger Realty Corporation, Defendant.

Supreme Court, Special Term, New York County, November 2, 1936.

*I. Gainsburg* and *John R. Lazenby* [*Joseph P. Siegel* of counsel], for Leonard E. Bergman and Julius Klein, as administrators c. t. a., etc., of Abraham L. Erlanger, deceased.

*Harry N. Wessel* [*A. Alexander Katz* of counsel], for Lois Johnston.

SHIENTAG, J.    This is a motion for an order vacating and setting aside a certain judgment by confession dated December 18, 1931, given by the A. L. Erlanger Realty Corporation to the temporary administrator of the estate of Abraham L. Erlanger, and any transfers, payments and executions made in connection therewith in so far as they adversely affect movant's rights as a judgment creditor of the realty corporation, on the ground that the judgment is void for defects appearing on the face of the statement of confession.    The answering affidavits set forth several grounds of opposition, and a counter-motion is made asking the court, if it finds the statement to be insufficient, to amend it to conform to the statutory requirements *nunc pro tunc* as of the date it was given.

Abraham L. Erlanger died on March 7, 1930.    On May seventh of the same year Saul J. Baron qualified as temporary administrator of his estate and continued to act as such until January 27, 1936, at which time Leonard E. Bergman and Julius Klein were appointed and qualified as administrators of the estate with the will annexed.

The decedent conducted his theatrical enterprises through two corporations — the A. L. Erlanger Realty Corporation, a Delaware corporation, and the A. L. Erlanger Amusement Enterprises, Inc. The realty corporation owned various theatres throughout the country and Amusement Enterprises was the producing corporation.

Baron entered into negotiations with these two corporations or the return of moneys alleged to have been loaned to them by the decedent during his lifetime to enable them to conduct their various enterprises. On December 18, 1931, he secured confessions of judgment from both corporations. The statement of confession which was secured from the realty corporation stated, " this confession of judgment is for a debt or liability justly due to the plaintiff, arising out of the following facts: Balance due for moneys loaned by Abraham L. Erlanger to the A. L. Erlanger Realty Corporation, between the 25th day of July, 1927, and the 30th day of January, 1930. The above amount ($344,301.34) shall be reduced by such payments as the Court may allow on any accounting."

This confession of judgment was not entered until February 2, 1933. On it no execution issued. The estate and the two corporations, however, on February 24, 1933, entered into an agreement which recited that, being unable at that time to satisfy the judgments, the corporations desired to deliver collateral security for their payment. The agreement went on to provide for the deposit with Baron of certain property as collateral security for the payment of the judgments, on condition that it be not disposed of except upon application to the Surrogate's Court or the Supreme Court.

On September 22, 1933, on Baron's petition, the Surrogate's Court approved the acts of the temporary administrator in entering into the agreement and accepting the deposit of collateral thereunder. Present at the proceedings which culminated in this order of the Surrogate's Court was The Pennsylvania Company for Insurance on Lives and Granting Annuities, which represented, as trustee, certain bondholders who were creditors of the estate. As such it made no objection to the agreement or the deposit of collateral thereunder.

Meanwhile the same Pennsylvania Company for Insurance, acting now, however, as trustee for bondholders of a certain mortgage on property owned by a Pennsylvania theatre company, started an action in June, 1932, in Delaware, against this latter company and the Erlanger Realty Corporation to recover, as an illegal preference, payments made to the realty corporation. That action resulted in a judgment against the realty corporation on July 11, 1934.

In November, 1933, certain of the stock which had been deposited with the temporary administrator as collateral was disposed of, and in March and June, 1936, certain other stocks and deposited properties were sold under an order of the Surrogate's Court dated

March 6, 1936. These were bought in by the estate. At the proceedings which terminated in this order of the Surrogate's Court, the Pennsylvania Company was present and assented thereto — again, however, acting in its capacity as trustee for creditors of the estate.

The Pennsylvania Company had meanwhile assigned the judgment it had secured in Delaware to this moving party, Lois Johnston, who commenced suit on it in New York in March, 1936. She secured a judgment on April 14, 1936, which was docketed on May twenty-seventh. Execution of that judgment issued on May 22, 1936, and has not yet been returned.

The motion is opposed on the following grounds: (1) The statement is a sufficient compliance with section 541 of the Civil Practice Act dealing with confessions of judgment; (2) the petitioner is not the proper party to make this motion; (3) the defect, if any, in the statement is a mere irregularity (Civ. Prac. Act, § 109), and petitioner is barred from pursuing her remedy by the one-year Statute of Limitations applicable to motions to set aside judgments for irregularities (Civ. Prac. Act, § 521); (4) the petitioner's assignor having assented to the orders of the surrogate approving the deposit and sale of the collateral, petitioner is now estopped from questioning the judgment; (5) in any event, the realty corporation could validly pledge its assets for the payment of its just debts and, therefore, though the judgment is void, the moving party has no cause to complain of the deposit and sale of the property of the realty corporation.

(1) Section 541 of the Civil Practice Act, dealing with judgments by confession, provides, *inter alia*, that " if the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose; and must show that the sum confessed therefor is justly due or to become due." The purpose of the provision is to furnish security to creditors against a fraudulent combination of the parties to the judgment by (a) giving sufficient information so that an interested party may investigate and ascertain whether the confession of judgment is *bona fide*, (b) compelling the person confessing judgment to disclose under oath what the real consideration for the judgment is and making the statement so definite that the affiant would be exposed to punishment for perjury in the event of a misstatement. (*Chappel* v. *Chappel*, 12 N. Y. 215; *Wood* v. *Mitchell*, 117 id. 439.) Bearing in mind the purpose of section 541, the statement of confession here in issue is clearly insufficient. The reasons for so holding are enumerated in *Wood* v. *Mitchell* (*supra*); no information is given as to the amount of the loans, no dates of the loans are

given, nothing is said as to how much has been repaid, and there is no statement as to how much is principal and how much of the sum confessed is for interest.

(2) Plaintiff is the proper party asking relief, and has asked for it by appropriate procedure. A judgment entered upon a defective statement of confession can be attacked by interested third parties, such as a subsequent judgment creditor of the defendant. (*Chappel* v. *Chappel, supra.*) Such a creditor may have it set aside either by motion or by an action brought for that purpose. (5 Carmody, New York Practice, [1933] § 1556.)

(3) The insufficiency of the statement of confession is not one of the imperfections enumerated in the subdivisions of section 109 of the Civil Practice Act by reason of which a judgment cannot be affected. It is idle in this situation to speak of the insufficiency as due to the negligence of a party or his attorney by which the adverse party has not been prejudiced, or to call it an imperfect pleading. The mere fact that one in the position of the plaintiff can, on a proper showing of insufficiency, set aside the judgment indicates the frivolity of the objection. Nor does section 521 of the Civil Practice Act have any application to the case. It has been held that failure to comply with the statutory provisions dealing with confessions of judgment is not a mere " irregularity." (*Dunham* v. *Waterman*, 17 N. Y. 9; *Winnebrenner* v. *Edgerton*, 30 Barb. 185; *Mitchell* v. *Van Buren*, 27 N. Y. 300.)

(4) The movant is not estopped from questioning the insufficiency of the statement of confession. The appearance of her assignor in the Surrogate's Court was in an entirely different, indeed in an inconsistent, capacity from that in which it secured its judgment in Delaware. The acts done or knowledge acquired by a trustee cannot be imputed to a *cestui* for whom he was not at the time acting. (4 Bogert, Trusts and Trustees, [1935] § 913, and cases there cited; *Curtis* v. *Leavitt*, 15 N. Y. 9, 194; *Chew* v. *Henrietta M. & S. Co.*, 2 Fed. 5. See *Mack* v. *McIntosh*, 181 Ill. 633; 54 N. E. 1019.) The assignor's Delaware judgment was recovered " as trustee." The assignee cannot, therefore, be considered estopped because of the position taken by the assignor when acting in an entirely different fiduciary capacity.

(5) The motion to vacate the transfer of collateral must be denied. If the realty corporation could, at the time the transfer was consummated, have validly pledged its assets for the payment of this debt, plaintiff has no cause for complaint. (*Miller* v. *Earle*, 24 N. Y. 110.) Whether such a pledge could have been given by the realty corporation in February, 1933, cannot be determined on the papers before the court. The plaintiff must bring her

judgment creditor's action for relief. She is not barred from so suing because she was not a judgment creditor at the time the transfer was made. (*Caesar* v. *Bernard*, 156 App. Div. 724; affd., 209 N. Y. 570; *De Rosa* v. *Bloch*, 150 Misc. 160; *Singer* v. *Aquitania Realty Corp.*, 137 id. 295; affd., 232 App. Div. 744.)

For the reasons enumerated above the motion is granted to the extent of vacating and setting aside the judgment by confession dated December 18, 1931, and denied without prejudice in so far as it seeks to set aside the transfer of collateral pursuant to the agreement of February 24, 1933. The cross-motion must be denied. Though it is true that if the holder of the judgment by confession can show to the satisfaction of the court that the debt was really due and owing and originated in a *bona fide* transaction, the court may, in its discretion, permit an amendment of the statement and thus preserve the lien of the judgment (*Chappel* v. *Chappel, supra; Mitchell* v. *Van Buren, supra*), there has been no amplification in the answering affidavits of the insufficient statement.

Settle order.