Arthur Schlanger & Sons, Plaintiff, *v.* Beaumont Factors, Defendant.

Supreme Court, Special Term, New York County, April 20, 1954, after reargument.

*Nemser & Wasserman* for defendant.

*Sol S. Ostertag* for plaintiff.

MATTHEW M. LEVY, J. The defendant moves to dismiss the complaint for insufficiency on its face (Rules Civ. Prac, rule 106). The plaintiff alleges that in May, 1953, it had sold certain merchandise to a third party, that the agreed sum was not paid, that suit was instituted, that judgment was obtained on September 4, 1953, and that such judgment remains wholly unpaid after

issuance of execution and return unsatisfied. It is further alleged that the debtor had confessed judgment in favor of defendant by execution of a paper in March, 1953, that the purported confession was filed on August 25, 1953, in the office of the clerk of the City Court of the City of New York, New York County, that judgment was entered thereon, and that on August 31, 1953, the defendant caused an execution sale of the debtor's property at its place of business for a stated sum. It is then pleaded by the plaintiff that the confession of judgment is invalid, irregular and void, and that the defendant had no legal right to enter judgment or to issue execution thereon, in that no cause of action was alleged in the confession, in that the judgment debtor had made no affidavit as to the truth of the statements contained in the confession, and in that it did not appear that there was an indebtedness then due to the defendant. The plaintiff seeks a declaration that the confession and judgment and execution are invalid and void, and a direction that out of the proceeds of the execution sale the defendant pay to the plaintiff the amount due on its judgment.

The defendant submits the existence of an adequate remedy at law, in that the plaintiff can move in the City Court for vacatur of the judgment there confessed. That may or may not be so, but even if such relief were to be granted there, that does not collect the plaintiff's judgment or reach the proceeds obtained by way of the execution on the claimed void judgment. The defendant then argues that, after vacatur of the confessed judgment by motion, the plaintiff can sue the defendant for a money judgment. All of that is precisely what the plaintiff is doing here — and in one action. Equity certainly has jurisdiction in the premises, and multiplicity of lawsuits in this regard should not be encouraged.

The defendant points out next that some of the complaint's essential allegations as to the validity of the confession are conclusory. That may be so, but there is at least one specification (that the statement of confession was not verified by the debtor) that is clearly an allegation of fact. It is urged in response by the defendant that this allegation results from a mistake indulged in by the plaintiff, and that this will appear from the statement of confession itself. That paper, however, is not attached to the complaint and thus is not a part of the pleading. The suggestion made on the argument by the defendant that I examine a copy of the statement of confession cannot without consent be adopted — for on this motion I may look

only to the four corners of the complaint. For present purposes, then, the plaintiff's charge must be deemed truthful. A confession of judgment without verification by the debtor is subject to attack (Civ. Prac. Act, § 541; *Starck Piano Co.* v. *O'Keefe,* 211 App. Div. 700). I find therefore that the allegations of the complaint are sufficient as a claim of noncompliance with section 541 of the Civil Practice Act. The question remains whether the plaintiff can take advantage of the deficiency.

In my view, under the pleading as it is at present, the plaintiff can — to the extent only that it asks that the judgment be declared null and void but not insofar as plaintiff seeks to reach any moneys already paid over to the defendant as a result of the execution levied under the confessed judgment (*Chappel* v. *Chappel,* 12 N. Y. 215; *Dunham* v. *Waterman,* 17 N. Y. 9, 15; *Miller* v. *Earle,* 24 N. Y. 110; *Johnston* v. *Erlanger Realty Corp.,* 162 Misc. 881; see 5 Carmody on New York Practice, § 1556).

The legislative purpose to protect creditors of the debtor is obvious (*Steward* v. *Katcher,* 283 App. Div. 50), and section 541 of the Civil Practice Act is intended to protect creditors against judgments entered on confession by collusion (*Magalhaes* v. *Magalhaes,* 254 App. Div. 880; *Neusbaum* v. *Keim,* 24 N. Y. 325). But it affirmatively appears that at the time of the confession, entry of judgment, execution and sale, the plaintiff was not a judgment creditor. Under the factual allegations of the complaint, therefore, and at the times therein mentioned, the debtor as owner could validly have disposed of its property by way of gift or sale, or have turned it over in payment of debt. And it follows that — absent any actionable fraud — the debtor could validly have permitted a third person to effectuate the transfer of the debtor's property to him by the utilization of a confession of judgment in his favor. The ability to do so was not diminished by any defect in the statement of confession (*Miller* v. *Earle, supra*). The complaint here (relying as it does on " fraud " only in the sense of such noncompliance) therefore states a good cause of action insofar as it is sought to vacate the judgment; but it is insufficient to the extent that the plaintiff seeks also to compel the defendant to account for the proceeds it had received by means of the execution sale. In sum, the fraud which would support this complaint in respect of the second prayer for relief is not the mere technical noncompliance with the statute, but rather the absence of a bona fide debt or the inability of the debtor validly to transfer its assets or to confess judgment (*Johnston* v. *Erlanger Realty Corp., supra*).

It may be that the plaintiff is desirous merely of vacating the confessed judgment, " void as to him, for any remaining property of the judgment debtor undisposed of " (*Miller* v. *Earle,* 24 N. Y. 110, 114, *supra*). Since I hold the complaint to be sufficient in that regard, it is not demurrable, for the pleading is adequate to state some cause of action. (*Lonsdale* v. *Speyer,* 249 App. Div. 133; *Stark* v. *Howe Sound Co.,* 148 Misc. 686, affd. 241 App. Div. 637.) A complaint is not subject to dismissal because the plaintiff is not entitled to all of the relief demanded. " Asking for too much does not spoil a complaint " (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480).

Or it may be that the plaintiff is desirous of proceeding further — so as to reach the proceeds of the execution sale — and is therefore desirous of amending its complaint to allege additionally that the statement of confession was the result of fraudulent collusion or to plead the fraudulent disposition of the debtor's assets, or the like. If so, an amended complaint is appropriate.

Accordingly, the motion to dismiss is denied, with leave to defendant to answer within ten days, and with leave to plaintiff to serve an amended complaint as of course (Civ. Prac. Act, § 244).

Order signed.