(20 App. Div. 200.)

## BRADLEY v. GLASS.

## SHULTZ et al. v. SAME.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. JUDGMENT BY CONFESSION—ORIGIN OF DEBT—RECITALS.

The statement, "For goods sold and delivered to me by plaintiffs prior to the date hereof, and that said goods were sold, and the payment thereof became due as aforesaid," does not meet the requirement of Code Civ. Proc. § 1274, subd. 2, that the statement on which a judgment is confessed "must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due," etc.

2. SAME—DEFECTS—RIGHTS OF OTHER JUDGMENT CREDITORS.

A subsequent judgment creditor may avail himself of the failure to meet the requirement of Code Civ. Proc. § 1274, subd. 2, that the statement on which a judgment by confession is based must state the facts out of which the debt arose, and show that the sum confessed is justly due.

3. SAME—AMENDMENT—WHEN ALLOWED.

Where such failure arose through inadvertence, an amended statement may be permitted to be filed as of the date of the original statement, as against subsequent judgment creditors who have not sought to vacate such judgment.

Appeal from special term, Onondaga county.

Motion by Lucius Bradley, a judgment creditor of Adelbert C. Glass, to vacate a confession of prior judgment by said Glass in favor of John L. Shultz and Carrie E. Wells. From an order denying the motion, movant appeals. Reversed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Mortimer V. Austin, for appellant.
M. F. Dillon, for respondents.

ADAMS, J. The appellant is a judgment creditor of the defendant, Glass, his judgment being subsequent in point of time to one confessed by the same defendant in favor of John L. Shultz and Carrie E. Wells; and he is endeavoring to have the prior judgment vacated upon the ground of the insufficiency of the statement upon which the confession was entered. It is required by subdivision 2 of section 1274 of the Code of Civil Procedure that, "if the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose; and must show, that the sum confessed therefor is justly due or to become due." The statement accompanying the judgment in question is that the judgment confessed is for a debt or liability justly due the judgment creditors which arose upon the following facts, viz.: "For goods sold and delivered to me by plaintiffs prior to the date hereof, and that said goods were sold and the payment thereof became due

as aforesaid." The requirement of section 1274 was designed, as was said in the case of Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125, to enable an interested party to ascertain from an examination of the statement "whether the confession of judgment was accurate, honest, and bona fide"; and we are persuaded that this particular statement falls quite short of accomplishing that purpose. In fact, it furnishes little or no information in respect to the precise nature of the indebtedness to secure which the judgment was confessed, save that it was "for goods sold and delivered." But what the goods were, or where they were sold, or what was their value, does not appear. They may have been of little or no value, and they may have been sold 10 or 20 years prior to the date of the confession. In either case the statement would have been literally true, although a confession of judgment resting upon such a consideration might well be regarded as a fraud upon the rights of subsequent judgment creditors. Our attention has been directed to a recent decision of this court, which, it is claimed, involved a question like the one now under consideration, and arose under somewhat similar circumstances. Burhans v. Blanchard, 12 App. Div. 624, 43 N. Y. Supp. 1152. No opinion was written in that case, but it will be found, upon referring to the record, that the statement which was there deemed sufficient contained the very elements which, as we have shown, are wanting in this case. Moreover, it is fair to say that, even with these additional facts present, this court reached the conclusion it did in the case cited with some little hesitation, and certainly with no intention of furnishing a precedent for any further relaxation of the principle which was there considered and applied. Having reached the conclusion that the statement contained in the first confession of judgment was inadequate, it follows that the subsequent judgment creditor can avail himself of this defect (Chappel v. Chappel, 12 N. Y. 215); and that his motion should have been granted. But, inasmuch as the insufficiency of the statement was probably the result of inadvertence, rather than of design, we think this court is fairly called upon to exercise the power which it doubtless possesses of permitting an amendment upon such terms as are reasonable. Mitchell v. Van Buren, 27 N. Y. 300; Bank v. Bush, 36 N. Y. 631.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, but with leave to the judgment creditors in the first confession to obtain from the judgment debtor an amended statement, and to file the same as of the date when the original statement was filed, at any time within 20 days from the service of the order of reversal herein, upon his paying the costs above specified; and when so filed it shall have the effect of validating the judgment as against all subsequent judgment creditors, except the appellant herein. All concur.