MAX KELLER, Appellant, *v.* WILLIAM GREENSTONE, Defendant. JOSEPH EPSTEIN and MORRIS LIEBMAN, the Surviving and Liquidating Partners of the Firm of EPSTEIN, LIEBMAN & Co., Intervening Parties, Respondents.

First Department, March 18, 1938.

*Herbert Stein,* for the appellant.

*David J. Rosen* of counsel [*George P. Kurtz* with him on the brief], for the respondents.

CALLAHAN, J. On July 15, 1937, a judgment was entered upon the following confession:

" The undersigned, the defendant above named, hereby confesses judgment in this action in favor of Max Keller, plaintiff above named, for the sum of Five Thousand ($5,000.00) Dollars,

and hereby authorizes him, his heirs, distributees, administrators or assigns, to enter judgment therefor against the undersigned.

" This confession of judgment is for a debt justly due to the plaintiff on August 1, 1934, arising upon the following facts:

" On the first day of August, 1934, the undersigned made and delivered to the plaintiff his promissory note, of which the following is a copy:

" $5,000.00                                              *Aug*. 1, 1934.

" On demand after date I promise to pay to the order of Max Keller Five thousand and no/xx Dollars at 888-3rd Ave. N. Y. City.

" Value received with interest.

" WM. GREENSTONE.

" The consideration of said note was money loaned by the plaintiff to the defendant in the sum of Six Thousand ($6,000.00) Dollars, of which one Thousand ($1,000.00) Dollars has been paid.

" Dated, NEW YORK, *July* 14, 1937.

" WILLIAM GREENSTONE.

(" Duly verified by William Greenstone, July 14, 1937.)"

Section 541 of the Civil Practice Act requires that in entering judgment on confession "A written statement must be made and signed by the defendant to the following effect: 1. It must state the sum for which judgment may be entered and authorize the entry of judgment therefor " and " 2. If the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose; and must show that the sum confessed therefor is justly due or to become due."

The court at Special Term held that the confession herein was insufficient to comply with the requirements of the statute. This determination is sought to be upheld on two grounds: (1) That the confession failed to contain " a concise statement of the facts out of which the debt arose," and (2) the amount for which the judgment was entered was for a greater sum than the sum confessed.

Considering the second ground first, we find that the clerk in entering judgment added interest to the $5,000, the sum confessed, computing same from the date of the note set forth in the statement. While we find that the clerk was unauthorized to include interest, in view of the fact that the judgment confessed was for $5,000, this does not have the effect of destroying the whole judgment, but invalidates it merely as to the extent of $575, the amount of interest included. (*Frost* v. *Koon*, 30 N. Y. 428.)

The question remains as to whether there was a sufficient allegation of the facts out of which the debt arose.

The question involved has frequently been considered by the courts. (See *Chappel* v. *Chappel*, 12 N. Y. 215; *Lanning* v. *Carpenter*, 20 id. 447; *Freligh* v. *Brink*, 22 id. 418; *Harrison* v. *Gibbons*, 71 id. 58; *Frost* v. *Koon, supra; Broistedt* v. *Breslin*, 5 N. Y. St. Repr. 67; affd., 105 N. Y. 682; *Wood* v. *Mitchell*, 117 id. 439; *Critten* v. *Vredenburgh*, 151 id. 536; *Mather* v. *Mather*, 38 App. Div. 32; *Anderson* v. *Shutts*, 114 id. 308; *Matter of Gray*, 172 id. 884.) While there may appear to be some conflict in these decisions, no such conflict is found in so far as they apply to confessions of judgment based on promissory notes. The cases consistently hold that under such a circumstance it is not sufficient merely to set out the promissory note with an allegation that the amount thereof is due, but that there must be added a concise statement of the facts out of which the debt arose for which the note was given. They also hold that phraseology similar to that used in the present case, *i. e.*, that the note was for " money loaned," meets the requirement of the statute for a concise statement of the facts out of which the debt arose.

In *Lanning* v. *Carpenter (supra)* it was held that a statement that the notes set forth were " given for borrowed money " was sufficient. In *Freligh* v. *Brink (supra)* the statement, after setting forth that the debt arose on a promissory note, recited " that amount of money being had by the defendants of the plaintiff." The confession was held valid. In *Anderson* v. *Shutts (supra)* the statement was to the effect that the debt arose on a promissory note. The date and amount of the note were alleged. The confession then added that the note was " for money then due to the plaintiff from the said defendants and theretofore had by said defendants from the said plaintiff, with interest." It was held that the statement complied with the statute.

*Harrison* v. *Gibbons (supra)* and *Broistedt* v. *Breslin (supra)* involved debts for personal property sold. The statements were held sufficient, though the dates of the dealings were not set forth therein.

The cases relied on by respondents may be distinguished:

In *Chappel* v. *Chappel (supra)* the statement was held insufficient for the reason that it merely set forth certain notes, but did not contain any facts concerning the debt for which the notes were given.

In *Wood* v. *Mitchell (supra)* the confession was held insufficient because it stated only that the sum of $5,000, for which the judgment was confessed, was a balance due on various sums loaned during a period specified, including interest. There was no statement of the amount of the loans or the sums paid on account, nor was there any allegation as to how much was due for principal and how much for interest.

In *Matter of Gray (supra)* the statement was held insufficient because the consideration for the note upon which the confession was based consisted solely of an insertion that the note was given " for value."

The consideration for the note in the present case was shown to have been money loaned. The total amount loaned and the sum paid on account were specified. We deem that this sufficiently complied with the statute, though the dates of the loan and of the payment on account were not set forth.

The order appealed from should be modified by granting respondents' motion to the extent of eliminating $575 interest from the judgment, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order unanimously modified by granting respondents' motion to the extent of eliminating the $575 interest from the judgment, and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.