OPINION OF THE COURT
David O. Boehm, J.
This is an application by Arnold and Lillian Baehre (plaintiffs), as judgment creditors of William Missert to vacate a “payover” order granted pursuant to CPLR 5227 upon two confessions of judgment given by Missert to Nixon, Hargrave, Devans and Doyle (Nixon), his attorneys.
On September 1, 1978, plaintiffs obtained a default judgment against Rochester Dental Prosthetics, Inc., William Missert and Kathleen Missert (defendants), in the sum of $81,778. Shortly thereafter plaintiffs served defendants with a CPLR 5222 (subd [b]) restraining notice. *271 Thereafter Nixon commenced negotiating with plaintiffs’ attorneys on behalf of Missert, who was apparently insolvent at the time.
In April, 1979, Nixon obtained a confession of judgment from Missert in the amount of $6,000 for “Legal services rendered by Nixon, Hargrave, Devans and Doyle.”
One year later, on April 2, 1980, Missert’s grandfather died, leaving Missert a bequest of approximately $25,000. Thereafter, on October 27, 1980, Nixon solicited and received a second confession of judgment from Missert for $11,000 “for legal services rendered, and disbursements paid, by plaintiff for defendant individually; and for legal services rendered, and disbursements paid, by plaintiff for William Missert Inc., payment for which was personally guaranteed by the defendant.” Thereafter, Nixon commenced, without notice to plaintiffs, a proceeding pursuant to CPLR 5227 to compel the executor of Missert’s grandfather’s estate to pay Missert’s interest over to Nixon, to be applied against the confessions of judgment. The estate defaulted in appearing and, no one appearing in opposition, on November 20,1980 the payover order was granted by me.
Thereafter, the plaintiffs obtained payover orders of their own against Missert’s estate interest, and then moved to vacate Nixon’s November 20,1980 payover order on the ground among others, that the confessions of judgment upon which the order was based were defective because the affidavits required by CPLR 3218 were insufficient. Originally made returnable in Erie County, this application was thereafter referred to me by Justice James B. Kane.
Plaintiffs argue that neither of Missert’s purported confessions of judgment satisfy the requirement of “stating concisely the facts out of which the debt arose and showing that the sum confessed is justly due or to become due”. (CPLR 3218, subd [a], par 2.)
Each challenged affidavit consists of a printed form with blanks in which are typed the amount confessed, the debt- or’s address and the basis of the liability admitted. Each was signed by Missert, dated and notarized. Initially plaintiffs argued that the affidavit underlying the first judg *272 ment was undated and failed to adequately identify the defendant. These contentions were withdrawn at oral argument after Nixon produced the purported original, properly signed and dated and bearing an appropriate time stamp of the Monroe County Clerk. Even if plaintiffs’ objections were not withdrawn, however, no reason appears to doubt the genuineness of this document or its sufficiency in these respects.
Although Nixon characterizes the plaintiffs’ assault upon the Missert affidavits as “an argument of convenience”, CPLR 3218 was specifically drafted for the protection of third-party creditors and such persons are entitled to demand strict compliance with its terms (Giryluk v Giryluk, 30 AD2d 22, affd 23 NY2d 894). Among other things, CPLR 3218 requires a concise statement of the underlying facts in every confession of judgment for an amount due or to become due in order that third persons (notably other creditors) may ascertain whether the confession was accurate, honest and bona fide (see County Nat. Bank v Vogt, 28 AD2d 793, affd 21 NY2d 800; Wood v Mitchell, 117 NY 439; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3218.03). Consequently, every such statement must contain enough detail to permit other creditors “to discern a complete picture of the transaction from the affidavit itself, sufficient to enable them to investigate the claim and ascertain its validity.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3218:9, p 1041; accord Princeton Bank & Trust Co. v Berley, 57 AD2d 348.)
Thus, in County Nat. Bank v Vogt (supra, p 793) a confession of a $40,000 liability for “[m]oney loaned by Plaintiff to Defendant and not repaid” was found insufficient to support a judgment. “The statement of confession here is clearly insufficient”, the court held, “since no information is given as to the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest.” (County Nat. Bank v Vogt, supra, p 794; accord Wood v Mitchell, 117 NY 439, supra.)
Similarly, in the case of Bradley v Glass (20 App Div 200, 201), the Fourth Department found insufficient the state *273 ment: “ ‘For goods sold and delivered to me by plaintiffs prior to the date hereof, and that said goods were sold and the payment thereof became due as aforesaid.’ ” In reaching its conclusion, the court said (p 201), “[The statement] furnishes little or no information in respect to the precise nature of the indebtedness to secure which the judgment was confessed, save that it was ‘for goods sold and delivered.’ But what the goods were, or where they were sold, or what was their value, does not appear. They may have been of little or no value, and they may have been sold ten or twenty years prior to the date of the confession; in either case the statement would have been literally true, although a confession of judgment resting upon such a consideration might well be regarded as a fraud upon the rights of subsequent judgment creditors.”
Even more to the point is the case of Stebbins v East Soc. of M. E. Church, Rochester (12 How Prac 410), decided under an early but nearly identical predecessor to CPLR 3218. In that case 37 judgments for money “‘lent and advanced’” by plaintiff to enable defendant “‘to pay off and discharge [its] debts’ ” were vacated at the instance of a third-party creditor, on the ground that the affidavits on which they were based failed to adequately reveal the transactions that gave rise to the liabilities confessed (12 How Prac 410, 412). Quoting the Court of Appeals decision in Chappel v Chappel (12 NY 215, 219) the court observed that (p 413) ‘“[t]he statute looks not to evidence of the demand, but to the facts in which it originated; in other words, to the consideration which sustains the promise’ ”. A thirty-eighth judgment, however, confessed in favor of one Stebbins for attorney’s fees, was upheld as sufficiently supported by the following statement: “that, in December, 1853, said Stebbins was retained to commence a suit against John E. Cole, and prosecuted same until the settlement thereof, and also acted as counsel, aided and assisted in the defense of a suit brought against the defendants by one Edward Jones, and that the sum for which said judgment is confessed ($160) is his claim against the defendants for such services, all which are justly due.” “This”, the court found, “states the nature of the claim, and the *274 consideration, with sufficient distinctness to answer the requirements of the statute.” (12 How Prac, at p 416.)
Unfortunately for Nixon, the two affidavits of confession given it by Missert suffered the same deficiencies as those which defeated the judgments in County Nat. Bank v Vogt (28 AD2d 793, supra) and Bradley v Glass (supra). Although both affidavits describe the services furnished Missert as “legal”, they give no indication of when those services were rendered or for what purpose, not even generally as in Stebbins v East Soc. of M. E. Church, Rochester (supra). Moreover, Missert’s liability under the second confession of judgment is even less verifiable. It is predicated not only upon unspecified services rendered to him personally but also, in some unascertainable part, upon a guarantee purportedly given by him at an undisclosed time and in an undisclosed manner for legal services rendered to another. No case has been brought to my attention in which an affidavit of facts as conclusory as Missert’s here has withstood judicial scrutiny in the fact of an attack by a third-party creditor.* Such vagueness falls far short of the detail to which competing creditors are entitled under the cases enumerated above (see, also, Hubbell v Hardy, 93 Misc 672, mod on other grounds 174 App Div 857).
Nixon urges that to require any greater detail in affidavits confessing judgment for legal services would make the procedure unduly cumbersome without adding anything to the statutory purpose of protecting competing creditors. It suggests that while it may be appropriate to require such detail from a bank, for example, where the term “for legal services” is widely used and understood by lawyers and provides all the information that a creditor needs to ascertain the validity of the underlying transaction. Moreover, Nixon argues that requiring further detail would "seriously jeopardize the confidentiality of the attorney-client relationship.
*275 However, there is little if anything more descriptive in the term “legal services” than in terms such as “money loaned” or “goods sold and delivered” or numerous other expressions that have been held insufficient to support a confessed judgment. Nor does application of the term to a particular transaction afford any greater assurance of the transaction’s validity. It is difficult to perceive how a bare claim for “legal services” can be deemed valid without some evidence that it is reasonable in amount and justly due (cf. Bradley v Glass, 20 App Div 200, supra). In a somewhat analogous situation the Fourth Department rejected a construction of CPLR 3215 (subd [a]) that would have permitted entry of a default judgment for attorneys’ fees without quantum meruit proof of their amount and reasonableness (Matter of Mead v First Trust & Deposit Co., 60 AD2d 71; see, also, Franklin Nat. Bank v Wall St. Commercial Corp., 40 Misc 2d 1003).
Nixon’s second argument is equally unavailing. An affidavit confessing judgment for legal services under CPLR 3218 is presumably a voluntary statement of the defendant client and not a disclosure by the creditor attorney (see Seigel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3218:7, p 1040). Moreover, the confidentiality demanded in an attorney-client relationship is for the benefit of the client (see Code of Professional Responsibility, EC 4-1) and may be waived by him if done knowingly (see Code of Professional Responsibility, EC 4-2). Furthermore, to the extent that a lawyer is implicated in his client’s confession of judgment, he is protected by DR 4-101 (C) (4) of the Code of Professional Responsibility which provides: “A lawyer may reveal: * * * Confidences or secrets necessary to establish or collect his fee”. Even without the protection of this Disciplinary Rule, however, there is little apparent danger of violating a client’s confidence in requiring that his confession of judgment set forth the dates and general nature of the legal services performed on his behalf as well as any amounts paid on account of those services. The suggestion that legal services may not be described other than by reference to detailed billing or time charts is refuted both by common sense and case law (see, e.g., Stebbins v East Soc. of M.E. Church, Rochester, 12 How Prac 410, supra).
*276 Finally, Nixon has attempted to demonstrate with 37 pages of itemized bills that in fact the judgment given by Missert was bona fide and fair. Plaintiffs do not dispute these records, nor do they deny that services equal in value to the amounts confessed may have been rendered. However, Nixon’s judgments, based as they are upon insufficient affidavits, may not stand. The purpose of the “concise statement” requirement is to assure some measure of protection for those who might be harmed if a collusively confessed judgment were entered (County Nat. Bank v Vogt, 28 AD2d 793, supra). This statutory purpose is frustrated whenever the requisite particularity is lacking. It is for this reason that interested third parties (such as the plaintiffs) may vacate an insufficiently confessed judgment regardless of the bona fides of the underlying transaction (County Nat. Bank v Vogt, supra; Bradley v Glass, 20 App Div 200, supra; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3218.10; see, also, Siegel, New York Practice, § 300).
Although courts have discretion to permit certain amendments to the affidavit nunc pro tunc, they will decline to do so to correct a material deficiency in the statement of facts (Siegel, New York Practice, § 300; cf. County Nat. Bank v Vogt, supra, and Bradley v Glass, supra, with Princeton Bank & Trust Co. v Berley, 57 AD2d 348, supra) and such application is denied.
Because of the resolution of this issue, plaintiffs’ other contentions do not require discussion.
The plaintiffs’ motion to vacate the confessions of judgment given by Missert to Nixon is, accordingly, granted and the payover order is vacated. Nixon’s request that its itemized bills submitted to the court as an exhibit be redacted from the records of this proceeding is granted.

 Nixon contends, in its brief, that the decision in Keller v Greenstone (253 App Div 573) sustained a confession of liability “For money borrowed.” In that case, however, the defendant’s affidavit further stated that the debt confessed was due on a promissory note delivered by defendant to plaintiff on a specific date. Furthermore, a copy of the note was attached to the defendant’s affidavit. '