Filed 4/16/13  Wolfe Axelrod Weinberger Assocs. v. Spare Backup CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| WOLFE AXELROD WEINBERGER ASSOCIATES, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SPARE BACKUP, INC.,<br><br>Defendant and Appellant. | E054530<br><br>(Super.Ct.No. INC10007557)<br><br>**OPINION** |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge. Affirmed.

Law Offices of Darrell Palmer and Darrell Palmer for Defendant and Appellant.

Edwards Wildman Palmer and Erin L. Pfaff for Plaintiff and Respondent.

Spare Backup, Inc., (hereafter Spare Backup) appeals from the trial court's order denying its motion to vacate a sister state judgment.  The order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).[1]

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

1

# I

## FACTS AND PROCEDURAL HISTORY

In May 2006, Spare Backup entered into a consulting agreement with Wolfe Axelrod Weinberger Associates, LLC (hereafter Wolfe). In 2009, Wolfe filed suit in New York for breach of the agreement. On January 12, 2010, Wolfe obtained a default judgment. Spare Backup moved to set aside the default judgment.

On May 6, 2010, before the court ruled on the motion to set aside the default, the parties entered into a settlement agreement, which required Spare Backup to pay certain sums by certain dates. Spare Backup did not make payments in accordance with the agreement.

On June 8, 2010, the parties entered into a second settlement agreement. The agreement also provided for certain payments to be made by certain dates. It states that "[u]pon default, [Spare Backup] is required to pay Wolfe the amount of $95,000 plus reasonable attorneys' fees and costs . . . and consents to the entry of judgment against it and in favor of Wolfe in the amount of $95,000 plus attorneys fees and costs . . . ."

The settlement agreement then provides: "[Spare Backup] consents to the entry of Judgment in the Supreme Court of New York without notice or demand to it or its attorneys or agents and expressly waives any and all rights, remedies, defenses, claims, arguments, and objections regarding the terms, conditions, effect, and enforceability of this Agreement, the entry, effect, and enforceability of the Judgment, and Wolfe's right and effort to collect [Spare Backup]'s assets, in whatever form, necessary to satisfy the

2

Judgment. [¶] [Spare Backup] further consents that it shall not oppose, dispute or otherwise seek to prevent the domestication of the Judgment in the State of California."

Finally, the settlement agreement provides that New York law is applicable, and that the "Supreme Court of New York, County of New York shall have exclusive jurisdiction regarding interpretation and performance of the Agreement and entry and enforceability of the Judgment."

On June 28, 2010, Wolfe's attorney signed an "Affirmation in Support of Judgment." The document recites the facts and asks that judgment be entered against Spare Backup in accordance with the settlement agreement. Judgment was entered by the clerk of the court and filed on July 9, 2010.

On August 20, 2010, Wolfe filed a notice of entry of judgment on a sister state judgment. The notice alleged that Wolfe was a judgment creditor of Spare Backup as a result of a judgment it had obtained against Spare Backup in New York in the amount of $109,745.

On September 20, 2010, Spare Backup filed a motion to vacate the New York judgment on grounds of intrinsic and extrinsic fraud and denial of due process. Spare Backup argued that section 1710.40 allowed it to assert California defenses to the New York judgment. These defenses include extrinsic fraud and a denial of due process. Specifically, Spare Backup objected to a provision in a settlement agreement which allowed Wolfe, in the event of a default, to enter judgment in New York without notice or demand to it or its attorneys.

3

In addition, Spare Backup argued that the judgment does not meet California standards for a confession of judgment. Specifically, it relied on section 1132, subdivision (b), which requires an attorney certificate to be filed with the confession of judgment document.

Spare Backup also argued that the confession of judgment does not meet New York requirements because it was not based on an affidavit from Spare Backup, as required under New York's Civil Practice Law and Rules (NYCPL), section 3218. Finally, Spare Backup argued that the attorney fees Wolfe sought were not authorized by the settlement agreement.

The motion was heard on November 24, 2010. The trial court found no due process violation and denied the motion.

## II

## ISSUE

Spare Backup raises only one issue on this appeal: Was the confessed judgment entered in New York invalid for failure to comply with New York's confessed judgment statute? Spare Backup argues that the judgment did not conform to New York law, and that the judgment is therefore void and cannot be confirmed in California.

## III

## SPARE BACKUP'S ARGUMENT

Spare Backup relies on NYCPL section 3218. Subdivision (a) of that section states: "Affidavit of defendant. . . . [A] judgment by confession may be entered, without

4

an action, either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant, or both, upon an affidavit executed by the defendant . . . ." Spare Backup's position is that any judgment under that section is void because Spare Backup, the defendant, did not sign any such affidavit.

Accordingly, Spare Backup argues that, under section 1710.40, subdivision (a), the trial court could vacate any judgment "on any ground which would be a defense to an action in this state on the sister state judgment . . . ."

To complete its argument, Spare Backup contends that Wolfe acted fraudulently by submitting the judgment to the New York court without an affidavit by Spare Backup.

IV

WOLFE'S ARGUMENT

In response, Wolfe argues (1) Spare Backup cannot assert its argument without also showing that it had a meritorious defense to the debt collection action; (2) the judgment was proper under NYCPL sections 3215, subdivision (i), and 3218 is inapplicable; and (3) even if NYCPL section 3218 was applicable, Wolfe complied with it and satisfied the requirements of that section.

For the reasons discussed below, we agree with Wolfe's first two contentions.

5

A.     *Spare Backup Did Not Show It Had a Meritorious Defense*

       *to Wolfe's Action.*

The two settlement agreements clearly evidence Spare Backup's debt to Wolfe

and Spare Backup's failure to pay it.  Because Spare Backup has not shown a meritorious

defense to the action, it cannot set the judgment aside.

In *New York Higher Education Assistance Corp. v. Siegel* (1979) 91 Cal.App.3d

684 (*Siegel*), Siegel borrowed $1,800 from a New York savings and loan association for

his education.  The loan was guaranteed by plaintiff.  When Siegel failed to pay the loan,

plaintiff took an assignment of the loan and sued Siegel in New York.  A summary

judgment motion was granted.  (*Id*. at p. 686.)

Plaintiff then applied for entry of the judgment in California as a sister state

judgment under section 1710.15.  As here, Siegel moved to vacate the judgment under

section 1710.40 on grounds that it was obtained by extrinsic fraud.  (*Siegel*, *supra*, 91

Cal.App.3d at pp. 686-687.)  The alleged extrinsic fraud was an alleged lack of notice of

the summary judgment proceeding and Siegel's alleged lack of knowledge that he had a

legal obligation to repay the loan because he was a minor.  But the promissory note said

otherwise.  (*Id*. at pp. 686-688.)

Relevant here, the court held:  "[S]ection 1710.40 provides:  'A judgment entered

pursuant to this chapter may be vacated on any ground which would be a defense to an

action in this state on the sister state judgment, . . .'  It is critical to a defense, as here, of

'extrinsic fraud' in the obtaining of a judgment, that *the party allege facts establishing a*

6

*meritorious defense to the action in which the judgment was entered.*" (*Siegel*, *supra*, 91 Cal.App.3d at p. 688.)

The court explained: "The record conclusively establishes that the New York court had jurisdiction over the subject of the action there filed, and also jurisdiction over the parties, for both of them had appeared therein. Its judgment was therefore entitled to 'full faith and credit' under article IV, section 1, of the federal Constitution. [Citation.] It was to be given the same effect as though it had been a final judgment rendered by a court of this state. [Citation.] California 'must, regardless of policy objections, *recognize the judgment of another state court as res judicata*; and this is so even though the *action or proceeding* which resulted in the judgment could not have been brought under the law or policy of [this state's] forum, . . .' [Citation.]" (*Siegel*, *supra*, 91 Cal.App.3d at p. 688.)

The *Siegel* court concluded by saying: "'"A valid judgment will not be set aside merely because it was obtained by extrinsic fraud or mistake, in order to give the barren right to an adversary hearing. The plaintiff must *plead and prove* that he has a meritorious case, i.e., a good claim or defense which, if asserted in a new trial, would be likely to result in a judgment favorable to him.' [Citation.] [¶] . . . 'Ordinarily equity will not interfere with a judgment on the ground of extrinsic fraud or mistake unless the one whose interests were infringed can present a meritorious case; the plaintiff must plead and prove facts from which it appears, at least prima facie, that if the judgment

7

were set aside and the proceedings were reopened, a different result would probably follow . . . .'" (*Siegel*, *supra*, 91 Cal.App.3d at pp. 688-689.)

Since Spare Backup has not met its burden of showing it had a meritorious defense to the action, the California sister state judgment cannot be set aside. (See *Liquidator of Integrity Ins. Co. v. Hendrix* (1997) 54 Cal.App.4th 971, 978-979; *Tsakos Shipping & Trading, S.A. v. Juniper Garden Town Homes, Ltd.* (1993) 12 Cal.App.4th 74, 89-90 [Fourth Dist., Div. Two].)

"As long as the sister state court had jurisdiction over the subject matter and the parties, a sister state judgment is entitled to full faith and credit 'even as to matters of law or fact erroneously decided.' [Citations.]" (*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 118 (*Jennett*).) In *Jennett*, the court concluded: "Here, too, while 'it sometimes may be difficult to decide whether certain words in a statute are directed to jurisdiction or to merits, . . . the distinction between the two is plain. One goes to the power, the other only to the duty, of the court.' [Citation.] The Hawaii court's authority to enter a deficiency judgment in this case was based on its interpretation of its statutory duty, not on its jurisdictional power since it had personal jurisdiction over Jennett, service by publication having been properly effectuated. Accordingly, because Hawaii had jurisdiction over the subject matter and the parties in the Hawaii action, we—a California court—may not second-guess whether the Hawaii court erred in construing Hawaii law to give it the right to enter a deficiency judgment, and must accord full faith and credit to the Hawaii judgment." (*Id.* at pp. 120-121.)

8

The same is true here:  Even if the New York judgment was erroneous as a matter of New York law, it was not challenged by Spare Backup in New York, and we must give it full faith and credit as a sister state judgment under section 1710.15.

B.      *The Judgment Was Proper Under NYCPL Section 3215, Subdivision (i).*

The judgment entered in New York was not technically a confession of judgment. Confessions of judgment for money due are normally entered without an action being filed.  (Code Civ. Proc., § 1132; NYCPL § 3218, subd. (a).)  In this case, a case had been filed and Wolfe had obtained a default judgment before the settlement agreements were negotiated.

We agree with Wolfe that, in this situation, the applicable code section is NYCPL section 3215, subdivision (i).  NYCPL section 3215 is entitled "Default judgment." Subdivision (i) is titled:  "Default judgment for failure to comply with stipulation of settlement."  It states:  "1. Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment in a specified amount with interest, if any, from a date certain, the clerk shall enter judgment on the stipulation and an affidavit as to the failure to comply with the terms thereof, together with a complaint or a concise statement of the facts on which the claim was based.  [¶]  2. Where, after commencement of an action, a stipulation of settlement is made, providing, in the event of failure to comply with the stipulation, for entry without further notice of a judgment dismissing the action, the clerk shall enter judgment on the stipulation and an affidavit as to the failure

9

to comply with the terms thereof, together with the pleadings or a concise statement of the facts on which the claim and the defense were based."

NYCPL section 3215, subdivision (i) precisely describes the situation here. There was a default judgment followed by a settlement agreement. The settlement agreement provided for entry of judgment upon failure to follow the settlement agreement. A judgment was entered based upon an affidavit, which showed the failure to comply with the terms of the settlement. Under this section, the affidavit of defendant, which serves a different purpose, is not required. (See generally *County Nat'l Bank v. Vogt* (1967) 28 A.D.2d 793, 794; *Baehre v. Rochester Dental Prosthetics, Inc.* (1982) 446 N.Y.S.2d 901, 902.)

The trial court did not err in denying Spare Backup's motion to vacate the valid New York judgment.

V

DISPOSITION

The trial court's order denying Spare Backup's motion to vacate a sister state judgment is affirmed. Respondent shall recover its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

McKINSTER
Acting P. J.

KING
J.

10